835 F.2d 213
 9 Fed.R.Serv.3d 1203
 Leon ROBBIN, on his own behalf and on behalf of all persons
similarly situated, Plaintiff-Appellant,
v.
FLUOR CORPORATION and Fluor Acquisition Corporation,
Defendants-Appellees,
and
Richard B. Humbert, Defendant.
 No. 86-6079.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 5, 1987.*
Decided Dec. 28, 1987.
 
 John J. Stumreiter of Rosenfeld, Meyer & Susman, Beverly Hills, Cal., Stuart D. Wechsler and Zachary A. Starr of Goodkind, Wechsler, Labaton & Rudoff and Joseph H. Weiss, New York City, for plaintiff-appellant Leon Robbin.
 James H. Berry, Jr. of Jones, Day, Reavis & Pogue, Los Angeles, Cal., for defendants-appellees Fluor Corp. and Fluor Acquisition Corp.
 Appeal from the United States District Court for the Central District of California.
 Before SKOPIL, PREGERSON and KOZINSKI, Circuit Judges.
 SKOPIL, Circuit Judge:
 
 
 1
 We are asked on this appeal to determine whether the pendency of a class action tolls the applicable statutes of limitation for a subsequently filed class action and individual action. The district court held that the class action was time barred because the pendency of a similar action did not toll the applicable statute of limitations. The court also determined that state tolling doctrines applied to bar the individual action. We agree that the class action is barred. We disagree with the district court, however, that the individual action is also barred. We affirm in part, reverse in part, and remand.
 
 FACTS AND PROCEEDINGS BELOW
 
 2
 Leon Robbin's individual and class claims stem from an alleged securities fraud discovered on May 1, 1981. A class action based on the same alleged fraud was filed in federal district court in New York on May 12, 1981. In that action the district court dismissed for failure to state a claim, but the Second Circuit reversed and remanded the case for further proceedings. Schlesinger Inv. Partnership v. Fluor Corp., 671 F.2d 739, 743 (2d Cir.1982). On remand, the district court denied class certification on July 14, 1983, and the action was voluntary dismissed. More than two years later, on January 17, 1986, Robbin filed this action in the Central District of California alleging the same violations as in the first class action. The district court dismissed on statute of limitations grounds, concluding that the prior class action did not toll the statute of limitation for the class action and that California law, Cal.Civ.Proc.Code Sec. 355 (West 1982), operated to time bar Robbin's individual action.
 
 
 3
 This timely appeal followed. Our review is de novo. Donoghue v. County of Orange, 828 F.2d 1432, 1436 (9th Cir.1987) (dismissal on statute of limitations grounds presents a question of law).
 
 DISCUSSION
 
 4
 In American Pipe and Constr. Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), the Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." Id. at 554, 94 S.Ct. at 766 (footnote omitted). After American Pipe, a split developed in the circuits as to whether tolling applied only to putative class members who sought to intervene after a denial of class certification or whether it also applied to any class member who later filed an individual action. Compare Parker v. Crown, Cork and Seal Co., 677 F.2d 391, 394 (4th Cir.1982) (tolling extends to all class members who later filed individual actions), aff'd 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), with Pavlak v. Church, 681 F.2d 617, 618 (9th Cir.1982) (tolling extends only to class members who intervened or attempted to intervene), vacated and remanded, 463 U.S. 1201, 103 S.Ct. 3529, 77 L.Ed.2d 1382 (1983). The Court resolved this split in Crown, Cork and Seal Co. v. Parker, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), by holding that the filing of a class action tolled the applicable statute of limitations for all asserted members of the class, not just for intervenors. Id. at 353-54, 103 S.Ct. at 2397.
 
 
 5
 Robbin asserts that the policy considerations underlying the tolling doctrines of American Pipe and Crown, Cork should be extended to include class members who file subsequent class actions. This position has been squarely rejected by several courts. See Korwek v. Hunt, 827 F.2d 874, 879 (2d Cir.1987); Salazar-Calderon v. Presidio Valley Farmers Ass'n, 765 F.2d 1334, 1351 (5th Cir.1985), cert. denied, 475 U.S. 1035, 106 S.Ct. 1245, 89 L.Ed.2d 353 (1986); Andrews v. Orr, 614 F.Supp. 689, 692 (D.Ohio 1985); Smith v. Flagship Int'l, 609 F.Supp. 58, 63-64 (N.D.Tex.1985); Burns v. Ersek, 591 F.Supp. 837, 840 (D.Minn.1984). We see no reason to depart from the well-reasoned holdings of these cases.
 
 
 6
 In Korwek the Second Circuit carefully evaluated the policy considerations of extending American Pipe and Crown, Cork to subsequently filed class action. Korwek, 827 F.2d at 879. The court concluded that "American Pipe and Crown, Cork represent a careful balancing of the interest of plaintiffs, defendants, and the court system." Id. We agree with the Second Circuit that to extend tolling to class actions "tests the outer limits of the American Pipe doctrine and ... falls beyond its carefully crafted parameters into the range of abusive options." Id. We therefore affirm the district court's dismissal of Robbin's class action.
 
 
 7
 Turning to Robbin's individual action, the parties agree that the applicable limitation period is the three year period specified in Cal.Civ.Proc.Code Sec. 338(4) (West 1982). See Board of Regents v. Tomanio, 446 U.S. 478, 485, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980) (when no statute of limitations period is specified in a federal statute, courts must look to state law to determine the applicable period). It appears that the federal tolling doctrine of American Pipe would permit Robbin's individual action. The district court reasoned, however, that state tolling doctrines should apply. The court interpreted Chardon v. Fumero Soto, 462 U.S. 650, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983), to require the use of state tolling doctrines whenever state limitation periods are borrowed.
 
 
 8
 Robbin argues that Chardon should be limited to claims arising under 42 U.S.C. Sec. 1983 (1982) and other similar statutes that specifically direct courts to apply state tolling doctrine. See, e.g., Sentry Corp. v. Harris, 802 F.2d 229, 239-42 (7th Cir.1986) (limiting Chardon), cert. denied, --- U.S. ----, 107 S.Ct. 1624, 95 L.Ed.2d 199 (1987). We note, however, that we have applied state tolling doctrines to matters outside the civil rights area. See, e.g., Davis & Cox v. Summa Corp., 751 F.2d 1507, 1519-20 (9th Cir.1985) (breach of fiduciary duties); Retail Clerks Union Local 648 v. Hub Pharmacy, Inc., 707 F.2d 1030, 1033 (9th Cir.1983) (labor relations).
 
 
 9
 We need not decide in this appeal whether federal or state tolling doctrines should apply to Robbin's individual action. We conclude that under either federal or state law Robbin's action is not time barred. Under federal tolling law, American Pipe and Crown, Cork clearly operate to toll the statute of limitations during the pendency of the first class action. The result is the same under California law because California courts have elected to adopt the federal tolling doctrines of American Pipe and Crown, Cork. See LeVeque v. Abbott Laboratories, 194 Cal.App.3d. 1378, 240 Cal.Rptr. 278, 280 (1987); Bangert v. Narmco Materials, Inc., 163 Cal.App.3d 207, 211-12, 209 Cal.Rptr. 438, 440 (1984). The district court selection of the "general equitable" tolling doctrine of Cal.Civ.Proc.Code Sec. 355 was therefore an error. That section addresses neither class actions nor equitable tolling. Rather it is a "Provision Where Judgment has been Reversed" and provides for a one year tolling for refiling for a plaintiff who won at trial and lost on appeal. It is inapplicable in this case.
 
 CONCLUSION
 
 10
 Robbin's class action is barred on limitations grounds. The limitations period was tolled, however, for his individual action. We AFFIRM in part, REVERSE in part, and REMAND. The parties are to bear their own costs for appeal.
 
 
 
 *
 This case was originally argued and submitted to Judges Kennedy, Skopil, and Kozinski. Judge Kennedy withdrew from the case. Judge Pregerson was drawn to replace Judge Kennedy