Alan BASCH, Robert Eisenberg, Susan Winspear, Peter Coutu, Thomas Howell, William Jorgensen, Diana Kurtz, Scott Seeney, Shano Ezzell, Andrew Chapman and William Connelly, Plaintiffs, Appellants,

v.

The GROUND ROUND, INC., Defendant, Appellee.

No. 97–1550.

United States Court of Appeals, First Circuit.

Heard Feb. 4, 1998
Decided March 17, 1998.

LYNCH, Circuit Judge.

This case involves the intersection of the ADEA statute of limitations and the special tolling rules which may apply when the plaintiffs are within a class alleged but not certified in earlier ADEA actions. The plaintiffs are eleven people, all over 40 years old, who lost their management level jobs at The Ground Round. In all, members of this group, represented by the same counsel, have filed four different actions accusing Ground Round of age discrimination. If this, the fourth action, is untimely, then the district court correctly entered summary judgment.

This action is untimely if the plaintiffs' otherwise concededly untimely claims are not saved by the fact that there were two prior lawsuits with class action allegations, and plaintiffs were within the classes alleged. We hold that this stacking of two class actions does not save the plaintiffs' claims. We affirm.

I.

This is the fourth lawsuit by former Ground Round employees alleging class-wide age discrimination by Ground Round. Each action described the same set of events [1] and asserted essentially the same class. The first such action, *Dionne v. Ground Round,* was filed in Massachusetts state court and removed by Ground Round to federal court based on plaintiffs' ADEA claims. The *Dionne* plaintiffs sought class certification, which the district court denied on July 6, 1994. The *Dionne* plaintiffs then voluntarily dismissed their ADEA claims and successfully moved to remand the case to state court.

The second action, *Halligan v. Ground Round,* was filed in federal district court on November 22, 1993. As of the time the complaint in this case was filed, the *Halligan* plaintiffs still had not moved for class certification.[2] On December 21, 1995, after the

Jonathon J. Margolis, with whom Sara Fleschner and Kushner & Sanders, Wellesley, MA, were on brief, for appellants.

Edward P. Leibensperger, with whom Christa Von Der Luft and Nutter, McClennen & Fish, Boston, MA, were on brief, for appellee.

Before BOUDIN, Circuit Judge, ALDRICH, Senior Circuit Judge, and LYNCH, Circuit Judge.

1. The claim in all four lawsuits was that plaintiffs were fired by Ground Round "on pretextual grounds from managerial positions," and that "[t]he real cause of their dismissals was the defendant's unlawful, company-wide policy of age discrimination, under which it replaced older, senior-level, more highly compensated employees with junior level individuals who were younger, paid less and likely to have longer future service."

2. The *Halligan* plaintiffs successfully moved the district court to extend the time for filing their motion for class certification until October 30, 1995.

complaint in this case was filed, the *Halligan* plaintiffs voluntarily dismissed their ADEA claims and the action was dismissed.

After the district court denied class certification in *Dionne*, but before remand to state court, several members of the putative class sought to intervene in that action. The district court denied their motion, at which point the would-be intervenors filed the third related lawsuit, *Winspear v. Ground Round*, in state court alleging only state-law causes of action. Seven of the plaintiffs in the *Winspear* action are plaintiffs here. The Massachusetts Superior Court granted Ground Round's motion for summary judgment in *Winspear* without reaching the merits.[3]

Plaintiffs here filed this action against Ground Round on October 6, 1995, alleging that Ground Round instituted a company-wide policy of dismissing older management workers and replacing them with younger workers, in violation of the ADEA. Plaintiffs claimed to represent a class of similarly situated former Ground Round employees.[4]

The plaintiffs here claim to represent the class of "all past, present and future managerial employees of Ground Round, who have been or may be terminated from their employment on the basis of age," not including those who left Ground Round's employ before January 1, 1990. The *Dionne*, *Halligan*, and *Winspear* complaints defined the putative class in a nearly identical manner.

Ground Round moved for summary judgment on several grounds. First, relying on the Massachusetts Superior Court's dismissal of the *Winspear* action to which seven of the present plaintiffs were parties, Ground Round argued that the claims of those seven plaintiffs [5] were barred by the doctrine of res judicata. The district court rejected this argument based on its conclusion that the *Winspear* action was dismissed for procedural reasons, and not on its merits.

Defendant's second argument for summary judgment was that the claims of seven plaintiffs [6] were barred because those plaintiffs failed to file administrative charges with the EEOC within 300 days of their discharge from employment, as required by the ADEA.[7] The seven plaintiffs admit that they did not file administrative charges within the requisite time period, but argue that their claims are nevertheless saved by the "single-filing rule" adopted by the majority of circuits, but not yet addressed by this circuit. That rule, also referred to as "piggybacking,"

---

3. The Superior Court dismissed the *Winspear* action on several grounds: (1) the claims of some of the plaintiffs were barred because they had failed to file administrative charges with the state agency within the statutory six-month limitations period; (2) the Massachusetts statute under which plaintiffs brought their claims did not apply to some of the plaintiffs who were employed outside Massachusetts; and (3) the claims brought by out-of-state plaintiffs under their respective state laws were dismissed for reasons of *forum non conveniens*.

4. The court never ruled on the class action issue. It entered summary judgment against all but one of the named plaintiffs (the claim of Charles O'Neil remains pending in the district court) before plaintiffs moved for class certification. However, the district court denied class certification in *Dionne*, which alleged a class and claims identical to the ones alleged here. The court's primary reason for refusing to certify a class was that the *Dionne* plaintiffs had not shown that the ADEA requirement that all class members be "similarly situated" was met. *See* 29 U.S.C. § 216(b) ("An action to recover the liability prescribed ... may be maintained against any employer ... by any one or more of the employees for and in behalf of himself or themselves and

other employees similarly situated."). The court stated that "[t]he fifteen nominees in this action worked in different states, for various supervisors, at different job levels, in different divisions and departments, were terminated for purportedly different reasons, and in several cases are pursuing individual remedies against Ground Round."

5. Plaintiffs Chapman, Connelly, Coutu, Howell, Jorgensen, Seeney, and Winspear were plaintiffs in the *Winspear* action.

6. Plaintiffs Basch, Chapman, Connelly, Eisenberg, Ezzell, Kurtz, and Seeney.

7. A person seeking to file a civil action under the ADEA must first file an administrative charge alleging unlawful discrimination with the EEOC. *See* 29 U.S.C. § 626(d). In a state which has its own laws against age discrimination and a state agency to enforce those laws, the EEOC charge must be filed within 300 days of the discriminatory event (here, discharge from employment). *See* 29 U.S.C. 626(d)(2); 29 U.S.C. § 633(b). An individual may commence a civil action under the ADEA 60 days after filing the EEOC charge. *See* 29 U.S.C. § 626(d).

permits plaintiffs who have failed to file administrative charges, or who have filed untimely charges, to "piggyback" on the timely-filed charges of other plaintiffs, provided the timely-filed charge gives the EEOC and the employer adequate notice of allegations of class-wide discrimination. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1101–02 (11th Cir. 1996); *Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 194 (6th Cir.1995); *Anson v. University of Tex. Health Science Ctr.*, 962 F.2d 539, 541–42 (5th Cir.1992); *Tolliver v. Xerox Corp.*, 918 F.2d 1052, 1057–59 (2nd Cir.1990); *Kloos v. Carter–Day Co.*, 799 F.2d 397, 400–401 (8th Cir.1986).[8]

Defendant also argued that even if the single-filing rule were adopted, plaintiffs' claims would still be barred because the timely-filed administrative charges on which

plaintiffs rely provided inadequate notice of class-wide allegations.[9] *See Kloos*, 799 F.2d at 400 ("To be faithful to the purposes of the filing requirement, an administrative charge must allege class-wide age discrimination or claim to represent a class in order to serve as the basis for an ADEA class action....").
The district court found that this circuit would adopt the majority rule, but accepted defendant's argument that the single-filing rule offered plaintiffs no refuge here because the underlying charges contained no allegations of class-wide discrimination.

Defendant's final argument for summary judgment was that the claims of all of the plaintiffs were time-barred for failure to file their complaint within 90 days of receiving notice from the EEOC of termination of its proceedings, as required by the ADEA.[10]

---

8. The rationale behind the single-filing rule was stated by the *Tolliver* court:

> The purpose of the administrative charge requirement is to afford the agency the opportunity to "seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion." 29 U.S.C. § 626(d). If the agency charged with that task is satisfied that a timely filed administrative charge affords it sufficient opportunity to discharge these responsibilities with respect to similar grievances, it serves no administrative purpose to require the filing of repetitive ADEA charges....

918 F.2d at 1057. The *Tolliver* court also noted that the single-filing rule is equally applicable to situations in which the "piggybacking" plaintiff joins a previously existing lawsuit and to situations in which that plaintiff files a separate lawsuit. *See id.* ("The purpose of the charge filing requirement is fully served by an administrative claim that alerts the EEOC to the nature and scope of the grievance, regardless of whether those with a similar grievance elect to join a preexisting suit or initiate their own.").

9. Plaintiffs sought to piggyback on the administrative filings of the *Dionne* plaintiffs to satisfy their own filing requirements. William Hayden, a *Dionne* named plaintiff, filed administrative charges with the EEOC on January 8, 1993. This was within the 300 day filing period for each of the plaintiffs in the current action. Hayden's counsel filled out a standard EEOC charge form, alleging only individual discrimination. Counsel sent a letter along with the charge, addressed to the EEOC area director, which stated:

> This office represents Mr. William Hayden and others in a claim against their former employer, The Ground Round, Inc., for age discrimination....

We expect to be filing a class action suit in federal court on behalf of Mr. Hayden and others similarly situated.... [W]e represent several complainants and expect to be filing a class action in federal court....

Later, along with Roger Dionne's EEOC charge, counsel sent another letter which stated the following:

> This office represents William Hayden and Roger Dionne in their claim against their former employer, Ground Round, Inc.[,] for age discrimination.
> . . . .
> We have reason to believe that Ground Round has terminated a number of employees in carrying out a companywide [sic] policy to terminate older employees. At this point I know of some fourteen former employees who have been affected by this policy in the eastern region, several of which have contacted me.
> My intent is to file a class action complaint against Ground Round, Inc. As such, this letter is to notify you that the claims filed by Mr. Hayden and Mr. Dionne are on behalf of themselves and also on behalf of those similarly situated.

Defendant argues that, although counsel's letters alleged class-wide discrimination, the charges themselves did not and the letters cannot substitute for the charges. Plaintiffs argue that the letters alone would have sufficed as administrative charges under the ADEA, and they therefore should suffice to serve as proper notice of allegations of class-wide discrimination. There is nothing in the record as to whether Ground Round ever received copies of those letters while the matter was before the EEOC.

10. 29 U.S.C. § 626(e) provides:

> If a charge filed with the Commission under this chapter is dismissed or the proceedings of

The EEOC proceedings on plaintiffs' charges terminated at various dates between July 21, 1993, and January 4, 1995. This action was filed on October 6, 1995, long after the 90–day period had expired for all plaintiffs.

Plaintiffs concede they all missed the 90–day deadline for filing their complaint, but seek shelter in the statute of limitations tolling rule announced in *American Pipe & Const. Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), and reiterated in *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). Those cases held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *American Pipe,* 414 U.S. at 554, 94 S.Ct. at 766. Plaintiffs argue that the filing of the *Dionne* and *Halligan* actions suspended the running of the statute of limitations for plaintiffs, who would have been members of the *Dionne* and *Halligan* classes had class certification been granted in those cases. The district court accepted the application of the *American Pipe* tolling rule, but rejected plaintiffs' argument that the rule saved their claims in this case.

Assuming arguendo that the *American Pipe* and *Crown, Cork* tolling rules apply to ADEA actions, we nevertheless find that plaintiffs' claims are time-barred. We do not reach the merits of the res judicata or single-filing rule arguments.

## II.

In *American Pipe* the Supreme Court balanced the policies served by the class action rule, Fed.R.Civ.P. 23, and the policies served by the statute of limitations. The case arose under the Sherman Antitrust Act, and was brought as a putative class action. After the district court denied class certification, several would-be class members moved to intervene. Although the applicable statute of limitations had run as to the intervenors, the Supreme Court held that their claims were not time-barred because the filing of the putative class action tolled the statute of limitations as to all alleged class members until the district court denied certification, "at least where class action status has been denied solely because of failure to demonstrate that the class is so numerous that joinder of all members is impracticable." *Id.* at 552–53, 94 S.Ct. at 766 (internal quotation marks omitted).

In *Crown, Cork,* a Title VII case, the Court reaffirmed the *American Pipe* tolling rule and extended it to apply not only to plaintiffs who seek to intervene in the pending action, but also to would-be class members who file actions of their own. *See id.* at 349–50, 103 S.Ct. at 2395–96. The Court also did not limit its holding to instances when the class certification was denied solely on numerosity grounds.

A logical initial question is whether the *Crown, Cork* rule for Title VII cases also applies to ADEA cases. Defendant argues that these tolling rules do not apply to ADEA plaintiffs. This argument is grounded in the fact that both *American Pipe* (a Sherman Act case) and *Crown, Cork* (a Title VII case) arose in the context of class actions brought under Fed.R.Civ.P. 23. Rule 23 provides that all members of a class are included in the action and are bound by the judgment unless they "opt out" of the action by affirmatively requesting exclusion. The ADEA, in contrast, adopts the enforcement procedures of the Fair Labor Standards Act, *see* 29 U.S.C. §§ 201–219, which provides for an "opt in" procedure for class actions, requiring individuals to affirmatively file consent to the action in order to be a member of the class. *See* 29 U.S.C. §§ 216(b), 626(b). Defendant contends that the difference between these two procedures results from different policy considerations, and that the rationale behind the *American Pipe* and *Crown, Cork* tolling rules does not apply in the context of "opt in" class actions.

The courts of appeals that have addressed this issue have split on the outcome. *Com-*

the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section by a person ...

against the respondent named in the charge within 90 days after the date of the receipt of such notice.

*pare Sperling v. Hoffmann–La Roche, Inc.,* 24 F.3d 463, 471–72 (3rd Cir.1994) (opt-in plaintiff may join ADEA action after limitations period for that individual plaintiff has run if the representative plaintiffs' actions are timely) *with Grayson,* 79 F.3d at 1106 (opt-in ADEA plaintiffs must meet the statute of limitations and may not rely on filing of class action complaint) *and O'Connell v. Champion Int'l Corp.,* 812 F.2d 393, 394 (8th Cir.1987) (same). We consider this an issue of some complexity, and we do not reach or resolve it here. Even assuming that the *American Pipe* and *Crown, Cork* tolling rules do apply to ADEA actions, we find that the rules do not save plaintiffs' claims. This is because plaintiffs' claims depend on the "stacking" of two sequential class actions to keep their claims from being untimely. We do not believe the tolling rules were meant to permit the stacking of class actions.

In *Crown, Cork,* the Court stated that "[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied," at which point "class members may choose to file their own suits or to intervene as plaintiffs in the pending action." 462 U.S. at 354, 103 S.Ct. at 2398. In this case, the first class action relevant is the *Dionne* action. The *Dionne* action was filed as a putative class action on April 20, 1993, and the district court denied class certification on July 6, 1994. Plaintiffs here were within the class sought in *Dionne.* Applying *American Pipe* and *Crown, Cork* would toll the running of the 90–day limitations period for each plaintiff from April 20, 1993, until July 6, 1994. At that point, each plaintiff would have had at most 90 days to move to intervene in that action or to file an individual action. But plaintiffs did not do that. The complaint in this action was filed on October 6, 1995, more than 90 days after the denial of class certification in *Dionne.*

Plaintiffs argue that they are saved by the filing of the *Halligan* putative class action. *Halligan* was filed in November of 1993, after *Dionne* was filed but before the court had denied class certification in *Dionne.* *Halligan* remained pending as an asserted but not certified class action, plaintiffs not yet having moved for class certification, on the day the instant action was filed. Plaintiffs claim that because "at all relevant times there was at least one class-action suit pending against Ground Round, and each of the plaintiffs was a member of the defined classes in those cases[, t]hose actions tolled the statute of limitations." We disagree.

The *Halligan* complaint alleged the same class and the same claims as did the *Dionne* complaint. In fact, the named plaintiff, David Halligan, was active in the effort to attain class certification in the *Dionne* action. Halligan submitted an affidavit in support of the *Dionne* motion to certify a class, in which he alleged age discrimination by Ground Round.

The policies—respect for Rule 23 and considerations of judicial economy—which animated the *Crown, Cork* and *American Pipe* tolling rules dictate that the tolling rules, if adopted at all in ADEA cases, not permit plaintiffs to stretch out limitations periods by bringing successive class actions.

Plaintiffs may not stack one class action on top of another and continue to toll the statute of limitations indefinitely. Permitting such tactics would allow lawyers to file successive putative class actions with the hope of attracting more potential plaintiffs and perpetually tolling the statute of limitations as to all such potential litigants, regardless of how many times a court declines to certify the class. This simply cannot be what the *American Pipe* rule was intended to allow, and we decline to embrace such an extension of that rule. At least one of our sister circuits agrees. *See Salazar–Calderon v. Presidio Valley Farmers Ass'n,* 765 F.2d 1334, 1351 (5th Cir.1985) ("Plaintiffs have no authority for their contention that putative class members may piggyback one class action onto another and thus toll the statute of limitations indefinitely, nor have we found any."). On closely related issues, each court of appeals to address the question has reasoned similarly and rejected efforts by late plaintiffs to resuscitate their claims through stacking of subsequent class actions. *See Andrews v. Orr,* 851 F.2d 146, 149 (6th Cir. 1988) (class action tolls statute of limitations only for subsequent individual actions, not

for subsequent class action alleging similar class and similar claims); *Robbin v. Fluor Corp.*, 835 F.2d 213, 214 (9th Cir.1987) (same); *Korwek v. Hunt*, 827 F.2d 874, 879 (2d Cir.1987) (same).

The dangers which Justice Blackmun warned against in his concurring opinion in *American Pipe* are vividly demonstrated by plaintiffs' theory. Justice Blackmun wrote separately to stress that the Court's decision "must not be regarded as encouragement to lawyers in a case of this kind to frame their pleadings as a class action, intentionally, to attract and save members of the purported class who have slept on their rights." 414 U.S. at 561, 94 S.Ct. at 770 (Blackmun, J. concurring). This point was emphasized by Justice O'Connor in her *Crown, Cork* concurrence, in which she stated that "[t]he tolling rule of *American Pipe* is a generous one, inviting abuse." 462 U.S. at 354, 103 S.Ct. at 2398 (O'Connor, J., concurring). Rational policy considerations led the Congress to impose a statute of limitations on the bringing of ADEA actions. After class certification has been denied in an action, potential individual plaintiffs cannot extend that limitations period by relying on successive class actions which allege the same class and the same claims. Plaintiffs' claims are therefore time-barred, and the district court properly entered summary judgment in Ground Round's favor.

*Affirmed.* Costs to defendant.