USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit
 
 ____________________
 
 No. 97-1550
 
 ALAN BASCH, ROBERT EISENBERG, SUSAN WINSPEAR, PETER COUTU,
 THOMAS HOWELL, WILLIAM JORGENSEN, DIANA KURTZ, SCOTT SEENEY,
 SHANO EZZELL, ANDREW CHAPMAN AND WILLIAM CONNELLY,
 
 Plaintiffs, Appellants,
 
 v.
 
 THE GROUND ROUND, INC.,
 
 Defendant, Appellee.
 ____________________
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT 
 
 FOR THE DISTRICT OF MASSACHUSETTS
 
 [Hon. Richard G. Stearns, U.S. District Judge]
 
 ____________________
 
 Before
 
 Boudin, Circuit Judge,
 
 Aldrich, Senior Circuit Judge,
 
 and Lynch, Circuit Judge.
 
 ___________________
 
 Jonathon J. Margolis, with whom Sara Fleschner and
 Kushner & Sanders were on brief, for appellants.
 Edward P. Leibensperger, with whom Christa Von Der Luftand Nutter, McClennen & Fish were on brief, for appellee. 
 ____________________
 
 March 17, 1998
 ____________________
 
 LYNCH, Circuit Judge. This case involves the
 intersection of the ADEA statute of limitations and the special
 tolling rules which may apply when the plaintiffs are within a
 class alleged but not certified in earlier ADEA actions. The
 plaintiffs are eleven people, all over 40 years old, who lost
 their management level jobs at The Ground Round. In all,
 members of this group, represented by the same counsel, have
 filed four different actions accusing Ground Round of age
 discrimination. If this, the fourth action, is untimely, then
 the district court correctly entered summary judgment. 
 This action is untimely if the plaintiffs' otherwise
 concededly untimely claims are not saved by the fact that there
 were two prior lawsuits with class action allegations, and
 plaintiffs were within the classes alleged. We hold that this
 stacking of two class actions does not save the plaintiffs'
 claims. We affirm.
 I.
 This is the fourth lawsuit by former Ground Round
 employees alleging class-wide age discrimination by Ground
 Round. Each action described the same set of events and
 asserted essentially the same class. The first such action,
 Dionne v. Ground Round, was filed in Massachusetts state court
 and removed by Ground Round to federal court based on
 plaintiffs' ADEA claims. The Dionne plaintiffs sought class
 certification, which the district court denied on July 6, 1994. 
 The Dionne plaintiffs then voluntarily dismissed their ADEA
 claims and successfully moved to remand the case to state
 court.
 The second action, Halligan v. Ground Round, was filed in
 federal district court on November 22, 1993. As of the time
 the complaint in this case was filed, the Halligan plaintiffs
 still had not moved for class certification. On December 21,
 1995, after the complaint in this case was filed, the Halliganplaintiffs voluntarily dismissed their ADEA claims and the
 action was dismissed.
 After the district court denied class certification in
 Dionne, but before remand to state court, several members of
 the putative class sought to intervene in that action. The
 district court denied their motion, at which point the would-be
 intervenors filed the third related lawsuit, Winspear v. Ground
 Round, in state court alleging only state-law causes of action. 
 Seven of the plaintiffs in the Winspear action are plaintiffs
 here. The Massachusetts Superior Court granted Ground Round's
 motion for summary judgment in Winspear without reaching the
 merits. 
 Plaintiffs here filed this action against Ground Round on
 October 6, 1995, alleging that Ground Round instituted a
 company-wide policy of dismissing older management workers and
 replacing them with younger workers, in violation of the ADEA. 
 Plaintiffs claimed to represent a class of similarly situated
 former Ground Round employees. 
 The plaintiffs here claim to represent the class of "all
 past, present and future managerial employees of Ground Round,
 who have been or may be terminated from their employment on the
 basis of age," not including those who left Ground Round's
 employ before January 1, 1990. The Dionne, Halligan, and
 Winspear complaints defined the putative class in a nearly
 identical manner.
 Ground Round moved for summary judgment on several
 grounds. First, relying on the Massachusetts Superior Court's
 dismissal of the Winspear action to which seven of the present
 plaintiffs were parties, Ground Round argued that the claims of
 those seven plaintiffs were barred by the doctrine of res
 judicata. The district court rejected this argument based on
 its conclusion that the Winspear action was dismissed for
 procedural reasons, and not on its merits. 
 Defendant's second argument for summary judgment was that
 the claims of seven plaintiffs were barred because those
 plaintiffs failed to file administrative charges with the EEOC
 within 300 days of their discharge from employment, as required
 by the ADEA. The seven plaintiffs admit that they did not
 file administrative charges within the requisite time period,
 but argue that their claims are nevertheless saved by the
 "single-filing rule" adopted by the majority of circuits, but
 not yet addressed by this circuit. That rule, also referred to
 as "piggybacking," permits plaintiffs who have failed to file
 administrative charges, or who have filed untimely charges, to
 "piggyback" on the timely-filed charges of other plaintiffs,
 provided the timely-filed charge gives the EEOC and the
 employer adequate notice of allegations of class-wide
 discrimination. See Grayson v. K Mart Corp., 79 F.3d 1086,
 1101-02 (11th Cir. 1996); Howlett v. Holiday Inns, Inc., 49
 F.3d 189, 194 (6th Cir. 1995); Anson v. University of Tex.
 Health Science Ctr., 962 F.2d 539, 541-42 (5th Cir. 1992);
 Tolliver v. Xerox Corp., 918 F.2d 1052, 1057-59 (2nd Cir.
 1990); Kloos v. Carter-Day Co., 799 F.2d 397, 400-401 (8th Cir.
 1986). 
 Defendant also argued that even if the single-filing rule
 were adopted, plaintiffs' claims would still be barred because
 the timely-filed administrative charges on which plaintiffs
 rely provided inadequate notice of class-wide allegations. 
 See Kloos, 799 F.2d at 400 ("To be faithful to the purposes of
 the filing requirement, an administrative charge must allege
 class-wide age discrimination or claim to represent a class in
 order to serve as the basis for an ADEA class action . . . ."). 
 The district court found that this circuit would adopt the
 majority rule, but accepted defendant's argument that the
 single-filing rule offered plaintiffs no refuge here because
 the underlying charges contained no allegations of class-wide
 discrimination.
 Defendant's final argument for summary judgment was that
 the claims of all of the plaintiffs were time-barred for
 failure to file their complaint within 90 days of receiving
 notice from the EEOC of termination of its proceedings, as
 required by the ADEA. The EEOC proceedings on plaintiffs'
 charges terminated at various dates between July 21, 1993, and
 January 4, 1995. This action was filed on October 6, 1995,
 long after the 90-day period had expired for all plaintiffs. 
 Plaintiffs concede they all missed the 90-day deadline
 for filing their complaint, but seek shelter in the statute of
 limitations tolling rule announced in American Pipe & Const.
 Co. v. Utah, 414 U.S. 538 (1974), and reiterated in Crown, Cork
 & Seal Co. v. Parker, 462 U.S. 345 (1983). Those cases held
 that "the commencement of a class action suspends the
 applicable statute of limitations as to all asserted members of
 the class who would have been parties had the suit been
 permitted to continue as a class action." American Pipe, 414
 U.S. at 554. Plaintiffs argue that the filing of the
 Dionne and Halligan actions suspended the running of the
 statute of limitations for plaintiffs, who would have been
 members of the Dionne and Halligan classes had class
 certification been granted in those cases. The district court
 accepted the application of the American Pipe tolling rule, but
 rejected plaintiffs' argument that the rule saved their claims
 in this case.
 Assuming arguendo that the American Pipe and Crown, Corktolling rules apply to ADEA actions, we nevertheless find that
 plaintiffs' claims are time-barred. We do not reach the merits
 of the res judicata or single-filing rule arguments.
 II.
 In American Pipe the Supreme Court balanced the policies
 served by the class action rule, Fed. R. Civ. P. 23, and the
 policies served by the statute of limitations. The case arose
 under the Sherman Antitrust Act, and was brought as a putative
 class action. After the district court denied class
 certification, several would-be class members moved to
 intervene. Although the applicable statute of limitations had
 run as to the intervenors, the Supreme Court held that their
 claims were not time-barred because the filing of the putative
 class action tolled the statute of limitations as to all
 alleged class members until the district court denied
 certification, "at least where class action status has been
 denied solely because of failure to demonstrate that the class
 is so numerous that joinder of all members is impracticable." 
 Id. at 552-53 (internal quotation marks omitted).
 In Crown, Cork, a Title VII case, the Court reaffirmed
 the American Pipe tolling rule and extended it to apply not
 only to plaintiffs who seek to intervene in the pending action,
 but also to would-be class members who file actions of their
 own. See id. at 349-50. The Court also did not limit its
 holding to instances when the class certification was denied
 solely on numerosity grounds.
 A logical initial question is whether the Crown, Corkrule for Title VII cases also applies to ADEA cases. Defendant
 argues that these tolling rules do not apply to ADEA
 plaintiffs. This argument is grounded in the fact that both
 American Pipe (a Sherman Act case) and Crown, Cork (a Title VII
 case) arose in the context of class actions brought under Fed.
 R. Civ. P. 23. Rule 23 provides that all members of a class
 are included in the action and are bound by the judgment unless
 they "opt out" of the action by affirmatively requesting
 exclusion. The ADEA, in contrast, adopts the enforcement
 procedures of the Fair Labor Standards Act, see 29 U.S.C. 
 201-219, which provides for an "opt in" procedure for class
 actions, requiring individuals to affirmatively file consent to
 the action in order to be a member of the class. See 29 U.S.C.
 216(b), 626(b). Defendant contends that the difference
 between these two procedures results from different policy
 considerations, and that the rationale behind the American Pipeand Crown, Cork tolling rules does not apply in the context of
 "opt in" class actions. 
 The courts of appeals that have addressed this issue have
 split on the outcome. Compare Sperling v. Hoffman-La Roche,
 Inc., 24 F.3d 463, 471-72 (3rd Cir. 1994) (opt-in plaintiff may
 join ADEA action after limitations period for that individual
 plaintiff has run if the representative plaintiffs' actions are
 timely) with Grayson, 79 F.3d at 1106 (opt-in ADEA plaintiffs
 must meet the statute of limitations and may not rely on filing
 of class action complaint) and O'Connell v. Champion Int'l
 Corp., 812 F.2d 393, 394 (8th Cir. 1987) (same). We consider
 this an issue of some complexity, and we do not reach or
 resolve it here. Even assuming that the American Pipe and
 Crown, Cork tolling rules do apply to ADEA actions, we find
 that the rules do not save plaintiffs' claims. This is because
 plaintiffs' claims depend on the "stacking" of two sequential
 class actions to keep their claims from being untimely. We do
 not believe the tolling rules were meant to permit the stacking
 of class actions.
 In Crown, Cork, the Court stated that "[o]nce the statute
 of limitations has been tolled, it remains tolled for all
 members of the putative class until class certification is
 denied," at which point "class members may choose to file their
 own suits or to intervene as plaintiffs in the pending action." 
 462 U.S. at 354. In this case, the first class action relevant
 is the Dionne action. The Dionne action was filed as a
 putative class action on April 20, 1993, and the district court
 denied class certification on July 6, 1994. Plaintiffs here
 were within the class sought in Dionne. Applying American Pipeand Crown, Cork would toll the running of the 90-day
 limitations period for each plaintiff from April 20, 1993,
 until July 6, 1994. At that point, each plaintiff would have
 had at most 90 days to move to intervene in that action or to
 file an individual action. But plaintiffs did not do that. 
 The complaint in this action was filed on October 6, 1995, more
 than 90 days after the denial of class certification in Dionne.
 Plaintiffs argue that they are saved by the filing of the
 Halligan putative class action. Halligan was filed in November
 of 1993, after Dionne was filed but before the court had denied
 class certification in Dionne. Halligan remained pending as an
 asserted but not certified class action, plaintiffs not yet
 having moved for class certification, on the day the instant
 action was filed. Plaintiffs claim that because "at all
 relevant times there was at least one class-action suit pending
 against Ground Round, and each of the plaintiffs was a member
 of the defined classes in those cases[, t]hose actions tolled
 the statute of limitations." We disagree.
 The Halligan complaint alleged the same class and the
 same claims as did the Dionne complaint. In fact, the named
 plaintiff, David Halligan, was active in the effort to attain
 class certification in the Dionne action. Halligan submitted
 an affidavit in support of the Dionne motion to certify a
 class, in which he alleged age discrimination by Ground Round. 
 The policies -- respect for Rule 23 and considerations of
 judicial economy -- which animated the Crown, Cork and American
 Pipe tolling rules dictate that the tolling rules, if adopted
 at all in ADEA cases, not permit plaintiffs to stretch out
 limitations periods by bringing successive class actions.
 Plaintiffs may not stack one class action on top of
 another and continue to toll the statute of limitations
 indefinitely. Permitting such tactics would allow lawyers to
 file successive putative class actions with the hope of
 attracting more potential plaintiffs and perpetually tolling
 the statute of limitations as to all such potential litigants,
 regardless of how many times a court declines to certify the
 class. This simply cannot be what the American Pipe rule was
 intended to allow, and we decline to embrace such an extension
 of that rule. At least one of our sister circuits agrees. SeeSalazar-Calderon v. Presidio Valley Farmers Ass'n, 765 F.2d
 1334, 1351 (5th Cir. 1985) ("Plaintiffs have no authority for
 their contention that putative class members may piggyback one
 class action onto another and thus toll the statute of
 limitations indefinitely, nor have we found any."). On closely
 related issues, each court of appeals to address the question
 has reasoned similarly and rejected efforts by late plaintiffs
 to resuscitate their claims through stacking of subsequent
 class actions. See Andrews v. Orr, 851 F.2d 146, 149 (6th Cir.
 1988) (class action tolls statute of limitations only for
 subsequent individual actions, not for subsequent class action
 alleging similar class and similar claims); Robbin v. Fluor
 Corp., 835 F.2d 213, 214 (9th Cir. 1987) (same); Korwek v.
 Hunt, 827 F.2d 874, 879 (2d Cir. 1987) (same). 
 The dangers which Justice Blackmun warned against in his
 concurring opinion in American Pipe are vividly demonstrated by
 plaintiffs' theory. Justice Blackmun wrote separately to
 stress that the Court's decision "must not be regarded as
 encouragement to lawyers in a case of this kind to frame their
 pleadings as a class action, intentionally, to attract and save
 members of the purported class who have slept on their rights."
 414 U.S. at 561 (Blackmun, J. concurring). This point was
 emphasized by Justice O'Connor in her Crown, Cork concurrence,
 in which she stated that "[t]he tolling rule of American Pipeis a generous one, inviting abuse." 462 U.S. at 354 (O'Connor,
 J., concurring). Rational policy considerations led the
 Congress to impose a statute of limitations on the bringing of
 ADEA actions. After class certification has been denied in an
 action, potential individual plaintiffs cannot extend that
 limitations period by relying on successive class actions which
 allege the same class and the same claims. Plaintiffs' claims
 are therefore time-barred, and the district court properly
 entered summary judgment in Ground Round's favor.
 Affirmed. Costs to defendant.