Pedro YANG, Carol Jackson, and Peter S. Kelsch, on behalf of themselves and all persons similarly situated, Plaintiffs,

v.

Steven A. ODOM, Mark Gergel, Hensley E. West, Martin D. kidder and Stephen J. Clearman, Defendants.

James Barberian, and Joseph and Karen Kinosian, on behalf of themselves and all persons similarly situated, Plaintiffs,

v.

Steven A. Odom, Mark Gergel, Hensley E. West, Martin D. Kidder and Stephen J. Clearman, Defendants.

Nos. Civ. A. 02–5968(JAP), Civ. A. 03–725(JAP).

United States District Court, D. New Jersey.

June 4, 2003.

Allyn Z. Lite, Esq., Joseph J. DePalma, Esq., Mary Jean Pizza, Esq., Lite Depalma Greenberg & Rivas, LLC, Newark, NJ, for Plaintiffs.

William B. McGuire, Esq., Tompkins, McGuire, Wachenfeld & Barry, Newark, NJ, J. David Dantzler, Jr., Esq., J. Timothy Mast, Esq., McKenna Long & Aldridge, LLP, Atlanta, GA, for Defendants.

## OPINION

PISANO, District Judge.

### I.  INTRODUCTION

The instant consolidated actions arise out of allegations that Steven A. Odom,

Mark Gergel, Hensley A. West, Martin D. Kidder, and Stephen J. Clearman ("Defendants"), in their capacities as officers and/or directors of World Access, Inc., a publicly held telecommunications company headquartered in Atlanta, Georgia,[1] were "control persons" of that corporation and caused it to commit multiple incidences of securities fraud. Plaintiffs Pedro Yang, Carol Jackson, Peter S. Kelsch, James Barberian, Joseph Kinosian and Karen Kinosian, on their own behalf and as a class action pursuant to Fed.R.Civ.P. 23 assert four causes of action against Defendants, alleging violations of Section 10(b) and Section 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), Rule 10b–5, and Sections 11 and 15 of the Securities Act, 15 U.S.C. §§ 77(k) and 77(o).

Presently before this Court is Defendants' Motion to Dismiss on the following grounds: (1) the applicable statute of limitations has expired; (2) the filing of this action is in violation of the "first-filed" rule; and (3) venue is improper. In the alternative, Defendants move for a transfer of venue to the Northern District of Georgia. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. The motion was opposed, and the Court decides the motion without oral argument as permitted by Fed.R.Civ.P. 78. After considering the parties' written submissions, and for all the reasons discussed below, the Court grants Defendants' motion to dismiss on the basis of the statute of limitations. Finding Plaintiffs' claims time-barred, the Court declines to address Defendants' other grounds for dismissal or their request for change of venue.

**1.** WAXS is not named as a defendant in this action due to ongoing Chapter 11 proceedings in the United States Bankruptcy Court for the Northern District of Illinois. (Compl.¶ 25).

## II. BACKGROUND

For the limited purpose of this motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true the facts alleged in the amended complaint and all reasonable inferences drawn from those facts. *See Hayes v. Gross*, 982 F.2d 104, 106 (3d Cir.1992); *see also* infra II. Rule 12(b)(6) Standard. Accordingly, the facts recited below are taken from Plaintiff's Class Action Complaint, and do not represent this Court's factual findings.

Plaintiffs Pedro Yang, a New Jersey resident, Carol Jackson, a Washington resident, and Peter S. Kelsch, a California resident, are the proposed class representatives in the *Yang* action. They seek to represent a class of themselves and all other persons or entities who:

> (i) acquired securities of World Access, Inc. ("WAXS") in the merger of NACT Telecommunications, Inc. ("NACT") into WAXS, which closed on October 29, 1998 . . . (ii) acquired securities of WAXS in the merger of Telco Systems, Inc. ("Telco") into WAXS, which closed on November 30, 1998 . . . or (iii) purchased securities of WAXS in the open market during the period April 29, 1997 through February 11, 1999 who were damaged by defendants' violations of the federal securities laws.

(Compl.¶ 1).[2]

Plaintiffs claim that during the class period, Defendants "issued materially false and misleading statements and omitted to disclose material information concerning WAXS's products, revenues, earnings, in-

**2.** "Compl." indicates citations to the *Yang* Class Action Complaint, the first-filed complaint in this consolidated action, but all findings of fact and law made by the Court apply to the virtually identical *Barberian* Class Action Complaint.

ventory, and sales practices...." (Compl.¶ 2). Plaintiffs further allege that throughout the class period, Defendants "engaged in a common course of conduct that operated as a fraud on the integrity of the market for WAXS securities." (Compl.¶ 3). This conduct allegedly included issuing press releases, financial statements, and other corporate documents that failed to disclose that one of WAXS's products, a telephone switching product known as the "CDX Switch" was a "non-functional development-stage prototype." (Compl.¶ 3).

Plaintiffs make a series of allegations relating to WAXS's CDX Switch. They claim that the company sold defective switches, continued to record revenue in connection with the non-functioning switches, and otherwise conducted business improperly in light of the non-functioning nature of this key product. (Compl.¶ 3). They also allege that Defendants misrepresented that WAXS was not losing business due to financial conditions in Asia during 1997–1998, materially overstated WAXS's sales, revenues, assets, inventory and earnings, materially understated corporate expenses, and failed to disclose the reasons the company's inventory had ballooned. (Compl.¶ 4).

Plaintiffs charge that as a result of these actions, the market price of WAXS securities traded at artificially inflated levels throughout the class period. (Compl.¶ 7). Finally, Plaintiffs allege that Defendants' fraud resulted in announced earnings substantially less than the previous quarter, and far less than analysts' expectations. (Compl.¶ 6).

Similar allegations have also been made in ongoing securities litigation taking place before the Honorable Orinda D. Evans, Chief Judge for the United States District Court for the Northern District of Georgia, entitled *In re World Access, Inc. Securities Litigation,* 1:99 CV 43(ODE) (the "Georgia litigation"). That litigation was first filed in January 1999 as a putative class action, but the court has denied motions for class certification on two separate occasions: first by rejecting the parties' stipulated class certification by Order dated July 30, 2001, and then rejecting Plaintiffs' renewed motion for class certification by Order dated July 1, 2002. In its July 1 Order, the court denied certification with prejudice based on the inadequacy of the class representatives. Pls' Ex. H. Plaintiffs then moved for reconsideration of the July 1 Order, which was denied on August 9, 2002. Plaintiffs filed a petition with the United States Court of Appeals for the Eleventh Circuit for interlocutory review of the denial of class certification pursuant to Fed.R.Civ.P. 23(f). That petition was denied on September 17, 2002. Pls' Ex. J. Following the denial of class certification, certain individual plaintiffs continued the litigation. The record reveals that the Georgia litigation has been thus far a massive undertaking by that court, with a docket comprised of several hundred entries.

The instant case is comprised of two actions. The first, filed by Plaintiffs Pedro Yang, Carol Jackson and Peter S. Kelsch was filed on December 17, 2002, bearing the docket number 02–CIV–5968 (JAP). The second, filed on February 14, 2003 by Plaintiffs James Barberian and Karen Kinosian, with allegations virtually identical to the Complaint filed in *Yang,* bears docket number 03–CIV–725 (JAP). The Court consolidated both cases by Order dated March 18, 2003.

Defendants claim that the instant actions are impermissibly repetitive of the Georgia litigation, and are furthermore barred by the one-year statute of limitations for federal securities fraud claims imposed by 15 U.S.C. § 77m.

## III. DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint "for failure to state a claim upon which relief can be granted." On a Rule 12(b)(6) motion, the court will, as it must, accept as true all of the factual allegations within the complaint and any reasonable inferences that may be drawn from those allegations. *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir. 1996). Claims will be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Courts may consider a statute of limitations defense in a motion to dismiss "where the complaint facially shows non-compliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Jaramillo v. Experian Information Solutions, Inc.,* 155 F.Supp.2d 356, 358–59 (E.D.Pa.2001)

Generally, the court's task requires it to disregard any material beyond the pleadings. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir.1997); *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993). A district court may, however, consider the factual allegations within other documents, including those described or identified in the complaint and matters of public record, if the plaintiff's claims are based upon those documents. *Burlington Coat,* 114 F.3d at 1426; *In re Westinghouse Sec. Litig.* (*"Westinghouse"*), 90 F.3d 696, 707 (3d Cir.1996); *In re Donald Trump Sec. Litig.,* 7 F.3d 357, 368 n. 9 (3d Cir.1993); *Pension Benefit Guar. Corp.,* 998 F.2d at 1196. Yet just because the court elects to examine these types of doc-uments outside of the complaint does not mean that it need treat the motion as one for summary judgment. *Burlington Coat,* 114 F.3d at 1426; *Pension Benefit Guar. Corp.,* 998 F.2d at 1196–97.

Defendants seek dismissal of Plaintiffs' Class Action Complaint on multiple grounds: (1) the applicable statute of limitations has expired; (2) the filing of this action is in violation of the "first-filed" rule; and (3) venue is improper. In the alternative, Defendants move for a transfer of venue to the Northern District of Georgia. Because the Court finds the statute of limitations bars filing of this action in the District of New Jersey, it shall not address Defendants' other arguments.

■ Plaintiffs bring claims pursuant to Sections 11 and 15 of the Securities Act, 15 U.S.C. §§ 77(k) and 77(*o*), and Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a). 15 U.S.C. § 77m of the Securities Act sets forth a one-year period to file federal securities fraud claims; this period commences to run on the date of inquiry notice to prospective plaintiffs. *See* 15 U.S.C. § 77m (allowing "one year after the discovery of the untrue statement or omission, or after such discovery should have been made by the exercise of reasonable diligence," to file suit). *See also In re NAHC, Inc. Secs. Litig.,* 306 F.3d 1314 (3d Cir.2002). Defendants argue that this period commenced to run no later than January 5, 1999, the date that WAXS disclosed its earnings were going to be less than projected. *See* Compl. ¶¶ 5, 166. After reviewing the Complaint, the Court agrees with this assessment, and finds that the statutory period began to run on January 5, 1999.[3] By extension, therefore, Plain-

---

**3.** Plaintiffs concede that their Complaint has been filed outside the statutory limitations period absent tolling. Pb. at 16–18.

tiffs' Complaint, which was filed on December 17, 2002, is almost two years out of time, absent any tolling.

■■■ Plaintiffs argue that the statute of limitations has been effectively tolled by the rule articulated by the United States Supreme Court in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), and as enunciated by the Third Circuit's opinion in *McKowan Lowe v. Jasmine Ltd.*, 295 F.3d 380 (3d Cir.2002). The *American Pipe* rule provides that when a class action complaint is filed, the statute of limitations is tolled for all members of that putative class who then choose to intervene or file an independent action following a denial of class certification. *See American Pipe*, 414 U.S. at 555, 94 S.Ct. 756 ("Not until the existence and limits of the class have been established and notice of membership has been sent does a class member have any duty to take note of the suit. . . ."). *See also Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983) (extending *American Pipe* tolling to subsequent individual actions filed after the denial of class certification).

*American Pipe* has been interpreted by most courts considering the issue as holding that "stacking" one class action atop another following a denial of class certification is prohibited. *See, e.g., Korwek v. Hunt*, 827 F.2d 874, 879 (2d Cir.1987) ("filing new but repetitive complaints" not intended by Supreme Court in *American Pipe*). *See also Basch v. Ground Round, Inc.*, 139 F.3d 6, 11 (1st Cir.1998); *Griffin v. Singletary*, 17 F.3d 356, 359 (11th Cir. 1994); *Andrews v. Orr*, 851 F.2d 146, 149 (6th Cir.1988); *Robbin v. Fluor Corp.*, 835 F.2d 213, 214 (9th Cir.1987). This has been called the "anti-stacking" rule.

As a matter of first impression, in *McKowan Lowe* the Third Circuit considered the breadth of the *American Pipe* rule as applied to a plaintiff seeking to intervene in a securities fraud class action after the statute of limitations had expired. In that case, the plaintiff, a shareholder of Jasmine Ltd., a shoe company, filed suit against the corporation, its management, underwriter and principals, as well as other entities, all in relation to an initial public offering of Jasmine stock. *See McKowan Lowe*, 295 F.3d at 383. The complaint, filed by Harry Berger on his own behalf and on the behalf of all others similarly situated, alleged that defendants misstated Jasmine's financial statements to conceal debt owed to another corporation. *Id.* The court denied Berger's request for class certification based on its analysis that he did not meet the adequacy requirements of Fed.R.Civ.P. 23. *Id.* Shortly after the denial of class certification, but more than three years after the complaint was first filed, Bernard Cutler intervened as a plaintiff. But for the tolling rule enunciated in *American Pipe*, Cutler's claims would have been barred by the one year statute of limitations for such securities fraud actions.

The Third Circuit determined that Cutler could benefit from *American Pipe* tolling because the class certification motion of his predecessor, Mr. Berger, was denied not due to any defects in the class itself, but due to Berger's inadequacy as a class representative. *Id.* at 386. In so deciding, the court closely examined case law from the Second Circuit, *see Korwek v. Hunt*, 827 F.2d 874 (2d Cir.1987), and the Eleventh Circuit, *see Griffin v. Singletary*, 17 F.3d 356 (11th Cir.1994). The circuit court distinguished *Korwek* as applying to instances where a court has found the class itself inappropriate, not due to any perceived deficiencies in the class representative herself. The Third Circuit found that while the class in *Griffin* was denied

due to the inadequacy of the class representative, the distinction illuminated in *Korwek* was ignored by that court. The court found that the reasons for the denial of class certification were significant to its decision, and keeping with Third Circuit precedent in *Haas v. Pittsburgh Nat'l Bank*, 526 F.2d 1083 (3d Cir.1975) (allowing *American Pipe* tolling for a subsequent class representative on a claim that the initial representative lacked standing to pursue), allowed Cutler to intervene.

However, the circuit court's holding was not without limits: the court clearly stated "we hold that the class claims of *intervening class members* are tolled if a district court declines to certify a class for reasons unrelated to the appropriateness of the substantive claims for certification." *Id.* at 389 (emphasis added).

However, neither the Supreme Court nor the Third Circuit has yet addressed whether the tolling rule permits the filing of a new class action in a different district court after the statutory period has expired. Plaintiffs argue that *McKowan Lowe* should be read as creating a broad exception to the "anti-stacking" rule, one that allows the filing of subsequent class actions by new plaintiffs in different districts, not only claims filed by intervenors. Defendants argue that the plain language of the Third Circuit's holding limits the breadth of the *American Pipe* tolling exception to subsequent claims filed by intervenors, and does not toll the statute of limitations for a new action filed in a different district court, as is the case here. The Court agrees with Defendants. The *American Pipe* tolling rule is an exception to the statute of limitations already in operation.[4] *McKowan Lowe* provides an enunciation of that exception in the Third Circuit: claims of intervening class members are entitled to a tolling of the statute of limitations while class proceedings are ongoing.[5]

In support of their motion, Defendants cite the Ninth Circuit's conclusion in *Robbin v. Fluor Corp.*, 835 F.2d 213 (9th Cir. 1987), where the court refused to allow a separate class action to proceed in the Central District of California after a virtually identical class had been denied certification in New York. In that case, the Ninth Circuit rejected plaintiffs' arguments that *American Pipe* tolling applied to subsequent class actions filed in other courts. *Id.* at 214.

Plaintiffs argue that *Robbin* is inapposite because the Ninth Circuit does not have the benefit of the *McKowan Lowe* decision. However, the same result is required here, and *McKowan Lowe* does not change the analysis markedly. In fact, as discussed *supra*, the holding of the Third Circuit in *McKowan Lowe* is clear: in this Circuit, *American Pipe* tolls the class claims of *intervening* class members. As Plaintiffs are not intervenors, and have filed a separate class action here in the District of New Jersey despite the ongoing proceedings in the Northern District of Georgia, the *McKowan Lowe* decision does

---

**4.** "Notably, the holdings in both *American Pipe* and *Crown, Cork & Seal* were not based on judge-made equitable tolling, but rather on the Court's interpretation of Rule 23." *Vinson v. Seven Seventeen HB Phila. Corp.*, Civ. No. 00–6334, 2001 WL 1774073, at *6 n. 4 (E.D.Pa. Oct.31, 2001) (citations omitted).

**5.** Plaintiffs rebut that Defendants are "vainly" trying to limit the holding of *McKowan Lowe*

to intervenors. Pb. at 19. (arguing further that "Defendants provide no rationale for distinguishing between intervenors and those who file a second action ... *McKowan* gave no indication that its rationale would not apply to the filing of a second action."). The Court finds that Defendants are correct in their recitation of the holding in *McKowan* and their efforts are not in vain.

not mandate tolling. It is not the function of this Court to unnecessarily depart from the clear holding of the Third Circuit in *McKowan Lowe* and extend *American Pipe* tolling to the instant time-barred action. Therefore, as Plaintiffs are not within the scope of the *American Pipe/McKowan Lowe* tolling exception, the statute of limitations bars their claims.

## IV. CONCLUSION

As this determination is dispositive of Plaintiffs' entire Class Action Complaint, the Court declines to address the other arguments for dismissal and/or transfer set forth in Defendants' motion.

An appropriate order follows.

### ORDER

Before the Court is the motion of Defendants Steven A. Odom, Mark Gergel, Hensley E. West, Martin D. Kidder and Stephen J. Clearman to dismiss the Class Action Complaints in the above-captioned actions under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth in the accompanying written opinion,

**ORDERED** that Defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is **GRANTED**; and it is further,

**ORDERED** that the Class Action Complaints are dismissed with prejudice.

This cases bearing the Civil Action Numbers above are **CLOSED**.