RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0140p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

―――――――――――

CHERYL PHIPPS; BOBBI MILLNER; SHAWN GIBBONS, on behalf of themselves and all others similarly situated,

      *Plaintiffs-Appellants,*

    *v.*

WAL-MART STORES, INC.,

      *Defendant-Appellee.*

No. 13-6194

―――――――――――

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 3:12-cv-01009—Aleta Arthur Trauger, District Judge.

Argued: May 1, 2014

Decided and Filed: July 7, 2015

Before: MERRITT, COOK, and STRANCH, Circuit Judges.

―――――――――――

## COUNSEL

**ARGUED:** Joseph M. Sellers, COHEN MILSTEIN SELLERS & TOLL, PLLC, Washington, D.C., for Appellants. Theodore J. Boutrous, Jr., GIBSON, DUNN & CRUTCHER LLP, Los Angeles, California, for Appellee. **ON BRIEF:** Joseph M. Sellers, Christine E. Webber, COHEN MILSTEIN SELLERS & TOLL, PLLC, Washington, D.C., George E. Barrett, David W. Garrison, Scott P. Tift, Seth M. Hyatt, BARRETT JOHNSTON, LLC, Nashville, Tennessee, Jocelyn D. Larkin, THE IMPACT FUND, Berkeley, California, for Appellants. Theodore J. Boutrous, Jr., GIBSON, DUNN & CRUTCHER LLP, Los Angeles, California, Rachel S. Brass, GIBSON, DUNN & CRUTCHER LLP, San Francisco, California, Mark A. Perry, GIBSON, DUNN & CRUTCHER LLP, Washington, D.C., Karl G. Nelson, GIBSON, DUNN & CRUTCHER, Dallas, Texas, for Appellee.

     STRANCH, J., delivered the opinion of the court which MERRITT, J., joined, and COOK J., joined in part. COOK, J. (pg. 22), delivered a separate opinion concurring in part and dissenting in part.

———————————

**OPINION**

———————————

STRANCH, Circuit Judge.   This putative class action lawsuit began after the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011).  There the Supreme Court rejected certification, under Federal Rule of Civil Procedure 23(b)(2), of a nationwide class of current female employees of Wal-Mart Stores, Inc., who alleged that Wal-Mart discriminated against them in pay and promotions based on their gender.  Plaintiffs Cheryl Phipps, Bobbi Millner, and Shawn Gibbons, unnamed class members in *Dukes*, thereafter filed suit against Wal-Mart in federal district court in Tennessee alleging individual and putative class claims under Rule 23(b)(2) and Rule 23(b)(3) on behalf of current and former female employees in Wal-Mart Region 43.  Plaintiffs claim gender discrimination in pay and promotions as the result of regional Wal-Mart management policies and decisions.

Before us for review is the district court's order granting Wal-Mart's motion to dismiss the class claims as time-barred under the tolling principles of *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983). This interlocutory appeal concerns only whether the plaintiffs may initiate this suit.  Whether the proposed classes are appropriate for certification is not at issue here.

We hold that the putative class claims are not barred by *American Pipe* or *Crown, Cork & Seal Co.* and that the case before the district court may proceed.  Accordingly, we REVERSE the district court's order dismissing the class claims under Federal Rule of Civil Procedure 12(b)(6) and we REMAND the case to the district court for further proceedings.

## I.  PROCEDURAL HISTORY

Wal-Mart is the country's largest private employer, operating approximately 3,400 stores and employing more than one million people.  *Dukes*, 131 S. Ct. at 2547.  Wal-Mart divides its stores into nationwide divisions and subdivides the divisions into regions.  *Id.*

On June 8, 2001, six named plaintiffs filed suit under Title VII of the Civil Rights Act of 1964, as amended, in the Northern District of California on behalf of all former and current

female employees of Wal-Mart.  *Id.*  The suit alleged a company-wide pattern or practice of gender discrimination in pay and promotions since December 26, 1998.[1]  *Id.* at 2548.  The plaintiffs also claimed that management decisions concerning pay and promotions disproportionately favored men, leading to unlawful disparate impact on female employees.  *Id.* The plaintiffs further claimed that, because Wal-Mart knew of this discriminatory effect, its refusal to modify the corporate culture amounted to unlawful disparate treatment.  *Id.*  The plaintiffs sought certification of a nationwide class of current and former female employees under Rule 23(b)(2), or alternatively, under Rule 23(b)(3), and requested injunctive and declaratory relief, backpay, and punitive damages.  *Id.* at 2548, 2561 n.1 (Ginsburg, J., concurring in part and dissenting in part).

In 2004, following extensive discovery, the district court certified a nationwide class under Rule 23(b)(2) for purposes of liability, injunctive and declaratory relief, back pay, and punitive damages.  *Dukes v. Wal-Mart Stores, Inc.*, 222 F.R.D. 137, 187–88 (N.D. Cal. June 21, 2004).  In 2007, the Ninth Circuit affirmed, *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1193 (9th Cir. 2007), but on rehearing en banc, the Ninth Circuit affirmed in part and remanded in part. *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 628 (9th Cir. 2010).  The court affirmed the district court's certification of a nationwide class under Rule 23(b)(2) only for current Wal-Mart employees—defined as those employed on the date the complaint was filed—with respect to their claims for declaratory and injunctive relief and back pay.  *Id.* at 624.  The court remanded the case to the district court to consider whether certification under Rule 23(b)(2) or Rule 23(b)(3) was appropriate for the punitive damages claims of current employees and whether an additional class or classes should be certified under Rule 23(b)(3) for former employees— defined as those no longer employed on the date the complaint was filed.  *Id.*  The court reasoned that "putative class members who were no longer Wal-Mart employees at the time Plaintiffs' complaint was filed do not have standing to pursue injunctive or declaratory relief," and it was

---

[1]"In a pattern-or-practice case, the plaintiff tries to 'establish by a preponderance of the evidence that . . . discrimination was the company's standard operating procedure[,] the regular rather than the unusual practice.'" *Dukes*, 131 S. Ct. at 2552 n.7 (quoting *Teamsters v. United States*, 431 U.S. 324, 358 (1977)).  If she "succeeds, that showing will support a rebuttable inference that all class members were victims of the discriminatory practice, and will justify 'an award of prospective relief,' such as 'an injunctive order against the continuation of the discriminatory practice.'" *Id.* (quoting *Teamsters*, 431 U.S. at 361).

"difficult to say that monetary relief does not predominate with respect to claims by plaintiffs who lack standing to seek injunctive or declaratory relief." *Id.* at 623.

The California district court did not have an immediate opportunity to consider the issues remanded by the Ninth Circuit. The Supreme Court granted certiorari, and in June 2011 reversed the certification of the nationwide class of current Wal-Mart employees under Rule 23(b)(2). *Dukes*, 131 S. Ct. at 2561. The Court held that the plaintiffs did not demonstrate questions of law or fact common to the class as required by Rule 23(a)(2) to warrant certification of a nationwide class of current employees. *Id.* at 2252–57. The Court reasoned that, because the plaintiffs had not provided "significant proof" of a nationwide policy or other "specific employment practice" that discriminated against all 1.5 million class members in the same way, the case was not suitable for nationwide class treatment. *Id.*

The Court further concluded that the plaintiffs' requests for backpay were improperly certified under Rule 23(b)(2) because such relief was not incidental to injunctive or declaratory relief, and "individualized monetary claims belong in Rule 23(b)(3)." *Id.* at 2557–58. The Court outlined the differences between classes certified under Rule 23(b)(2) and Rule 23(b)(3), noting that (b)(3) requires notice to class members and a chance to opt out, while (b)(2) does not. *Id.* at 2558. Accordingly, the Supreme Court reversed the Ninth Circuit's certification of a nationwide class of current Wal-Mart employees under Rule 23(b)(2). *Id.* at 2561.

After *Dukes*, the plaintiffs promptly filed a motion in the California district court to extend tolling of the statute of limitations under *American Pipe & Constr. Co.*, 414 U.S. at 553–54. The district court granted the motion in part, providing that all class members who possessed right-to-sue letters from the Equal Employment Opportunity Commission (EEOC) could file suit on or before October 28, 2011. *Dukes v. Wal-Mart Stores, Inc.*, No. C 01-02252 CRB, Order at *1–2 (N.D. Cal. Aug. 19, 2011). The court further provided that all class members who had not filed administrative charges with the EEOC were required to do so on or before January 27, 2012 in non-deferral states and on or before May 25, 2012 in deferral states. *Id.*

The *Dukes* plaintiffs then amended the complaint in the California case to narrow the scope of the proposed class to current and former female Wal-Mart employees who had been subjected to gender discrimination within four Wal-Mart regions largely based in California.

*Dukes v. Wal-Mart Stores, Inc.*, No. C 01-02252 CRB, 2012 WL 4329009, *2 (N.D. Cal. Sept. 21, 2012). The California district court denied Wal-Mart's motion to dismiss, determined that this narrowed class action was not barred from proceeding, and set a date for filing of the motion for class certification. *Id.* at *10. The district court ultimately denied class certification. *Dukes v. Wal-Mart Stores, Inc.*, 964 F. Supp. 2d 1115 (N.D. Cal. Aug. 2, 2013).

Four parallel putative class action lawsuits were filed in other jurisdictions to bring individual and class claims concerning other Wal-Mart regions, including Tennessee, *Phipps v. Wal-Mart Stores, Inc.*, 3:12-cv-1009 (M.D. Tenn. filed Oct. 2, 2012); Texas, *Odle v. Wal-Mart Stores, Inc.*, No. 3:11-cv-2954-O (N.D. Tex. filed October 28, 2011); Florida, *Love v. Wal-Mart Stores, Inc.*, No. 0:12-cv-61959-RNS (S.D. Fla. filed Oct. 4, 2012); and Wisconsin, *Ladik et al., v. Wal-Mart Stores, Inc.*, 291 F.R.D. 263, 264 (W.D. Wisc. filed Feb. 20, 2013). *Phipps* is currently before us.

Two of the named plaintiffs, Cheryl Phipps and Bobbi Millner, were Wal-Mart employees when the *Dukes* complaint was initially filed; only Gibbons is still employed by Wal-Mart. The plaintiffs alleged individual Title VII disparate treatment claims and, on behalf of a class of current and former female Wal-Mart employees in Region 43, they alleged Title VII pattern-or-practice and disparate impact claims. The plaintiffs requested class certification under Rule 23(b)(2) and Rule 23(b)(3). Specifically, the plaintiffs alleged that policies and management decisions in Wal-Mart Region 43 resulted in gender discrimination by denying current and former female employees equal pay for hourly positions and salaried management positions and by denying female employees equal opportunities for promotion to management track positions. Region 43 is centered in middle and western Tennessee, but also includes portions of Alabama, Arkansas, Georgia, and Mississippi. R. 1.

Wal-Mart moved to dismiss the putative class claims under Rule 12(b)(6), arguing that *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1998), established a bright-line rule prohibiting *American Pipe* tolling for any purported class action brought after a previous denial of class certification. The district court concluded that it was bound by that rule and dismissed the class claims with prejudice under Rule 12(b)(6), never addressing whether the plaintiffs could satisfy the Rule 23 standards for class certification. *Phipps v. Wal-Mart Stores, Inc.*, 925 F. Supp. 2d 875, 893

(M.D. Tenn. Feb. 20, 2013). The court, however, expressed doubt about its decision, suggesting that in light of recent cases, *Andrews* should be reconsidered or at least refined to permit *American Pipe* tolling for a follow-on class action in appropriate circumstances. *Id.* at 880–81; *Phipps v. Wal-Mart Stores, Inc.*, No. 3:12-cv-1009, 2013 WL 2897961, *2–4 (M.D. Tenn. June 13, 2013). The court certified its decision for interlocutory appeal under 28 U.S.C. § 1292(b), *Phipps*, 2013 WL 2897961 at *4, and we granted plaintiffs' petition for permission to appeal.

## II. ANALYSIS

### A. Article III Standing

Before turning to the merits, we address Wal-Mart's threshold argument that the plaintiffs lack standing to pursue this appeal. "To have standing, a litigant must seek relief for an injury that affects [her] in a 'personal and individual way.'" *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2662 (2013) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992)). We have no difficulty concluding that the plaintiffs have standing because they "suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Id.* at 2661.

The district court's decision to dismiss the class allegations with prejudice precludes the plaintiffs from pursuing the pattern-or-practice theory of gender discrimination pled in the complaint. If the plaintiffs could establish a pattern or practice of gender discrimination, then each named plaintiff and each unnamed class member could rely on a presumption that each was affected by the allegedly discriminatory policies, placing the burden to prove otherwise on Wal-Mart. *See Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 875 (1984); *Teamsters*, 431 U.S. at 360; *Serrano v. Cintas Corp.*, 699 F.3d 884, 894–95 (6th Cir. 2012). Because the pattern-or-practice theory is not available to individual plaintiffs, *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 575 (6th Cir. 2004), the named plaintiffs in this case would be unable to benefit from the presumption of discrimination arising from the theory in the absence of class allegations. This is a significant loss to the plaintiffs' prosecution of the case and gives them a direct stake in the outcome of the appeal. *See Hollingsworth*, 133 S. Ct. at 2662. In addition, the dismissal of the class allegations impairs the plaintiffs' ability to secure the scope of injunctive

relief that may be necessary to address region-wide gender discrimination, if plaintiffs ultimately prove their claims. Broad injunctive relief to benefit an entire class is "rarely justified" in an individual suit. *Sharpe v. Cureton*, 319 F.3d 259, 273 (6th Cir. 2003).

For these reasons, we conclude that the named plaintiffs have standing to appeal the district court's interlocutory decision dismissing the class allegations. *See Hollingsworth*, 133 S. Ct. at 2662. This brings us to the question whether the district court properly dismissed the class allegations under Rule 12(b)(6). Our review of this issue is de novo. *In re Vertrue Inc. Mktg. & Sales Litig.*, 719 F.3d 474, 478 (6th Cir. 2013).

**B. *American Pipe* Tolling**

The timely filing of a class-action complaint commences suit and tolls the statute of limitations for all members of the putative class who would have been parties had the suit been permitted to continue as a class action. *American Pipe & Constr. Co.*, 414 U.S. at 550, 553–54. Tolling continues until a court decides that the suit is not appropriate for class action treatment. *Id.* At that point, the putative class members may protect their rights by moving to intervene as plaintiffs in the pending action, *id.*, or they may file their own lawsuits, *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983).

*American Pipe* tolling of the limitations period guards the principal function of the class action suit—the fair and efficient adjudication of common claims aggregated in one suit. *American Pipe & Constr. Co.*, 414 U.S. at 551. The policy inherent in Rule 23 to avoid a "multiplicity of activity" is protected through *American Pipe* tolling because class members need not take action to protect their individual rights until after a court decides that class action treatment is inappropriate. *Id.* The litigation efficiency and economy of Rule 23 would be lost for the parties and the court if class members filed motions to intervene in the suit or filed independent protective actions before the court has the opportunity to rule on the viability of a putative class action. *Id.* at 553; *Crown, Cork & Seal Co.*, 462 U.S. at 354.

In light of these important policy interests, class members who refrain from filing suit while the class action is pending "cannot be accused of sleeping on their rights; Rule 23 both permits and encourages class members to rely on the named plaintiffs to press their claims."

*Crown, Cork & Seal Co.*, 462 U.S. at 352–53. The class action complaint places the defendant on notice of the substantive claims brought against it and of the number and generic identities of the potential plaintiffs who may participate in a judgment. *American Pipe & Constr. Co.*, 414 U.S. at 555. "Tolling the statute of limitations thus creates no potential for unfair surprise, regardless of the method class members choose to enforce their rights upon denial of class certification."[2] *Crown, Cork & Seal Co.*, 462 U.S. at 353. Wal-Mart has been on notice of the claims brought against it and the generic identities of the plaintiffs who would potentially participate in any judgment since the nationwide class action complaint was filed in *Dukes* in 2001. *Id.*

The named plaintiffs in this action were members of the class when *Dukes* was initially filed, though they were not the named plaintiffs. As permitted by Supreme Court law, they have relied on the named plaintiffs in *Dukes* to "press their claims" since 2001 until the Supreme Court rejected the nationwide class. *See Crown, Cork & Seal Co.*, 462 U.S. at 352–53. All three plaintiffs then filed administrative charges with the EEOC within the deadline ordered by the California district court. The EEOC issued right-to-sue letters, and the plaintiffs timely filed suit within the required ninety days. *See* 42 U.S.C. § 2000e-5(f)(1). Wal-Mart concedes that the individual claims of the named plaintiffs are timely brought, but the company urges us to affirm the district court's conclusion that, under *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1998), the claims of the unnamed class members in Region 43 do not fall within the tolling protection of *American Pipe*.

Proper application of *Andrews* and our subsequent case, *In re Vertrue*, requires close attention to the history of this litigation and particularly to the specifics of the class at issue. Recall that the Supreme Court addressed in *Dukes* a nationwide class of *current* Wal-Mart employees that had been certified under Rule 23(b)(**2**) for the purpose of seeking declaratory and

---

[2]Wal-Mart argues that two recent cases, *Gabelli v. SEC*, 133 S. Ct. 1216 (2013) and *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224 (2014), suggest that tolling is disfavored by the Supreme Court. These cases are inapposite because neither involved Rule 23 class actions or *American Pipe* tolling. *Lozano*, 134 S. Ct. at 1228 (addressing whether equitable tolling was appropriate for a father seeking the return of his child under the Hague Convention); *Gabelli*, 133 S. Ct at 1218–19 (addressing whether the "discovery rule" tolled the statute of limitations in an SEC fraud case).

injunctive relief against Wal-Mart.[3] *Dukes*, 131 S. Ct. at 2546–49, 2550 & n.4. The Court expressly recognized that the Ninth Circuit had excluded from the certified class the putative class members who—at the time the original complaint was filed—were no longer employed by Wal-Mart because former employees, who are no longer subject to Wal-Mart's employment supervision, lack standing to seek Title VII injunctive or declaratory relief against Wal-Mart under Rule 23(b)(2). *Dukes*, 131 S. Ct. at 2547 n.1, 2550 n.4. When the Supreme Court issued *Dukes*, no class of *current* Wal-Mart employees had been certified under Rule 23(b)(**3**) for the purpose of determining Wal-Mart's liability for monetary relief. The Supreme Court left that question open when it ruled that the certified class could not seek monetary relief under Rule 23(b)(2), *id.* at 2557–61, and explicitly stated that the applicability of Rule 23(b)(3) "to the plaintiff class is not before us." *Id.* at 2549 n.2.

Furthermore, at the time the Supreme Court ruled in *Dukes*, no class of *former* Wal-Mart employees had been certified under Rule 23(b)(3) for the purpose of seeking monetary relief. The Ninth Circuit, sitting en banc, preserved the right of the former employees to seek monetary relief through class action by instructing the district court on remand to analyze "whether an additional class or classes may be appropriate under Rule 23(b)(3) with respect to the claims of former employees. The court may, if appropriate, certify an additional class or classes under Rule 23(b)(3)." *Dukes*, 603 F.3d at 624. Wal-Mart did not ask the Supreme Court to decide whether the Ninth Circuit erred by remanding the putative class claims of former Wal-Mart employees to the district court for consideration of class certification under Rule 23(b)(3). Petition for a Writ of Certiorari, *Dukes*, 131 S. Ct. 2541 (No. 10-277), 2010 WL 3355820 at *9, 17. In fact, Wal-Mart did not specifically request review on whether the Rule 23(b)(2) class demonstrated a question of law or fact common to the class under Rule 23(a), *id.*; the Supreme Court added that issue for briefing when it granted certiorari. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 795 (2010) (Mem).

---

[3]The *Dukes* opinion referred to the three named plaintiffs as "current or former Wal-Mart employees," *Dukes*, 131 S. Ct. at 2546, but the Supreme Court explained that two of the named plaintiffs were presently employed by Wal-Mart and one named plaintiff, Edith Arana, was a Wal-Mart employee at the time the suit was filed. *Id.* at 2548. Arana's employment ended in 2001 when Wal-Mart fired her. *Id.*

*1. Rule 23(b)(3) class of current and former employees seeking monetary relief in Wal-Mart Region 43*

With the litigation history of *Dukes* firmly in mind, we begin with the Rule 23(b)(3) class. We conclude that *Andrews v. Orr* cannot bar the request of the named plaintiffs to certify a class of current and former employees seeking monetary relief against Wal-Mart in Region 43 under Rule 23(b)(3). To explain why, we first explore the *Andrews* opinion and then our more recent case, *In re Vertrue*.

*Andrews* concerned federal employees who wished to bring employment discrimination claims against their employing federal agency. *Andrews*, 851 F.2d at 147. Federal regulations required them to submit an administrative charge to the agency's Equal Employment Opportunity Counselor "within 30 calendar days" of the alleged date of discrimination, *id.* (quoting 29 C.F.R. § 1613.214), and if they sought class-wide relief, they were required to meet a 90-day time limit. *Id.* (citing 29 C.F.R. § 1613.602(a)). Because the timing and sequence of events were "critical to the decision of the appeal," the *Andrews* court set forth the facts in detail, which we recount below. *Id.*

*Andrews* was the third of three class action lawsuits brought to challenge the disparate impact of the government's Professional and Administrative Career Examination (PACE) used in hiring and promotion decisions. *Id.* at 147–48. The first class action was *Luevano v. Campbell*, 93 F.R.D. 68 (D.D.C. 1981), but the *Andrews* opinion did not discuss the significance or outcome of the *Luevano* case. *Id.* at 148. The second class action, captioned *Brown v. Orr*, 99 F.R.D. 524, 526 (S.D. Ohio 1983), was filed in Ohio by one plaintiff on behalf of all African-American employees of the Air Force Logistics Command (AFLC) who were denied promotions because of PACE. *Id.* The district court denied class certification in *Brown* on March 15, 1983, because the plaintiff failed to establish commonality or typicality under Rule 23(a), *Brown*, 99 F.R.D. at 528; however, the unnamed class members took no action to protect their rights. *Andrews*, 851 F.2d at 148. The 30-day statute of limitations for filing individual claims with an EEO counselor began to run on March 15, when class certification was denied, and expired on April 15. *Id.* at 149. On April 18, the *Brown* plaintiff filed a second motion to certify a class, narrowing the class to employees of Wright-Patterson Air Force Base (WPAFB). *Id.* Before the district court could rule on that motion, the plaintiff settled her individual claim on July 12, 1983,

and the court dismissed the *Brown* case with prejudice. *Id.* at 148. The unnamed class members again took no immediate action with regard to the *Brown* case. *Id.* Between July 26 and July 28, 1983, however, the *Andrews* plaintiffs, who were unnamed members of the *Brown* class, initiated the administrative process by contacting an EEO counselor, and they later filed suit. *Id.*

Although the *Andrews* court did not elaborate on the district court's analysis, the lower court's opinion establishes that the court applied the 30-day limitations period for filing individual claims to the *Andrews* plaintiffs, even though they sought class-action relief under the 90-day limitations period. *Andrews v. Orr*, 614 F. Supp. 689, 691 (S.D. Ohio June 14, 1985). The court so held for two reasons. First, a federal regulation implicitly recognized that different members of the same putative class of federal employees could not repeatedly initiate class actions based on the same conduct. *Id.* at 691–92 (citing 29 C.F.R. § 1613.604(b)). Second, the court pointed to the Supreme Court's statement in *Crown, Cork & Seal* that *American Pipe* tolling ends when class certification is denied, and thereafter, class members may file their own suits or intervene in the pending action. *Id.* The court looked to district court opinions in two other jurisdictions to support its conclusion "that the statute of limitations is *not* tolled for purposes of initiating a new class action." *Id.*

The *Andrews* court approved the district court's reasoning with little analysis, quoting short excerpts from *Robbin v. Fluor Corp.*, 835 F.2d 213, 214 (9th Cir. 1987), *Korwek v. Hunt*, 827 F.2d 874, 879 (2d Cir. 1987), and *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334, 1351 (5th Cir. 1985) (*Calderon I*). *Id.* at 149. We will say more about these three cases later in this opinion. The *Andrews* court expressed a concern, similar to that voiced by Justice Powell in his concurrence in *Crown, Cork & Seal*, that the *American Pipe* tolling rule "is a generous one, inviting abuse." *Id.* (citing 462 U.S. at 354).

Finally, the *Andrews* court affirmed the district court's ruling that the plaintiffs' individual claims were untimely filed, observing that "[e]ven if the *Brown* plaintiff's second motion for class certification somehow revived or reactivated tolling, it came too late. More than thirty days had gone by in which neither a class action nor a motion for class certification was pending." *Id.* at 150. Under *American Pipe* and *Crown, Cork & Seal*, the court emphasized that "[i]t is the filing of a class action and the pendency of a motion to certify that suspend the

running of a limitations period for putative class members, and the period for filing begins to run anew when class certification is denied." *Id.* Ultimately, the *Andrews* court extended equitable tolling to the plaintiffs on their individual claims, vacated the judgment dismissing the case, and remanded for further proceedings on the individual claims. *Id.* at 150–52.

Our court recently had an opportunity to interpret the meaning of *Andrews*. *See In re Vertrue*, 719 F.3d at 478–80. In that case, the success of the purported class action depended on whether the plaintiffs were "entitled to tolling during the pendency of a prior putative class action suit." *Id.* at 477. We observed that an out-of-circuit district court had dismissed a prior, related class action lawsuit, *Sanford v. West*, without ever ruling on a motion for class certification. *Id.* After discussing *Andrews* at length, we turned to Vertrue's argument that *Andrews* established a "bright line rule that *American Pipe* tolling never applies to subsequent class actions by putative class members," and thus the class action subsequent to *Sanford* was time-barred. *Id.* at 479.

We rejected Vertrue's proposed bright-line rule. We reasoned that *Andrews* concerned a situation in which a subsequent class action was brought after class certification already had been denied whereas in *Vertrue* no court had definitively addressed the requested class certification because the *Sanford* court had dismissed the initial suit before ruling on a pending motion for class certification. *Id.* at 479–80. Because no court had denied class certification and "[b]ecause the risk motivating our decision in *Andrews*—namely, repetitive and indefinite class action lawsuits addressing the same claims" was "simply not present," we held that the commencement of the *Sanford* class action tolled the statute of limitations under *American Pipe* for subsequent class claims. *Id.* at 480.

Significantly, we observed that "[o]ther courts have followed this same approach when faced with a situation in which a previous court has not made a determination as to the 'validity of the class.'" *Id.* at 480 n.2. In support, we cited *Yang v. Odom*, 392 F.3d 97, 104, 112 (3d Cir. 2004), for the proposition "that tolling applies to a subsequent class action when the prior denial of class certification was 'based solely on Rule 23 deficiencies of the putative representative.'" *Id.* We also cited *Catholic Social Services, Inc. v. I.N.S.*, 232 F.3d 1139, 1149 (9th Cir. 2000) (en banc), for the holding "that tolling applies to a subsequent class action when class

certification was granted in a prior case." *Id.* We drew further support from *Great Plains Trust Co. v. Union Pacific Railroad Co.*, 492 F.3d 986, 997 (8th Cir. 2007), where the Eighth Circuit assumed "without deciding that *American Pipe* analysis applies in cases where one putative class action suit was dismissed without prejudice and one was voluntarily dismissed." *Id.* We also observed that, "[e]ven those circuits that apply a categorical ban against tolling for the benefit of subsequent class actions"—and the *Vertrue* court certainly did not place *Andrews* in that group— "have addressed situations in which class certification has been affirmatively denied." *Id.* (citing *Griffin v. Singletary*, 17 F.3d 356, 359 (11th Cir. 1994); *Calderon I*, 765 F.2d at 1349–50; *Basch v. Ground Round, Inc.*, 139 F.3d 6, 7, 11 (1st Cir. 1998); *Korwek*, 827 F.2d at 878). The *Vertrue* court held that *American Pipe* tolling applied to make the class claims timely filed, affirmed the district court's denial of the defendants' motion to strike the class allegations, and allowed the subsequent class action to proceed. *Id.* at 476, 480.

The reasoning of *Vertrue* applies with equal force to the putative Rule 23(b)(3) class action brought against Wal-Mart by Phipps, Millner, and Gibbons on behalf of current and former female employees in Region 43. The Rule 23(b)(3) class action claims are timely filed under *American Pipe*, *Crown, Cork & Seal*, and the California district court's 2011 tolling order entered after the Supreme Court announced its decision in *Dukes*. When the instant complaint was filed, no court in any jurisdiction had denied certification of a Rule 23(b)(3) class of current and former female employees seeking monetary relief against Wal-Mart under Title VII. *Vertrue* permits the Rule 23(b)(3) class to proceed in Region 43, and *Andrews* does not bar it.

We draw further support from the Fifth Circuit's recent decision reaching an outcome similar to ours in class litigation brought subsequent to *Dukes* in Wal-Mart's Texas regions. *Odle v. Wal-Mart Stores, Inc.*, 747 F.3d 315 (5th Cir. 2014). Stephanie Odle's Wal-Mart employment terminated in late 1998. *Id.* at 316. In 1999, she filed an administrative charge of gender discrimination with the EEOC and received a right-to-sue letter in May 2001. *Id.* at 317. Odle was one of the original named plaintiffs in the *Dukes* lawsuit filed in the Northern District of California. *Id.* Although the California district court certified a Rule 23(b)(2) nationwide class of current and former Wal-Mart employees, the Ninth Circuit pared away the individual and class claims of former Wal-Mart employees, including Odle's, from the Rule 23(b)(2)

certified class that eventually reached the Supreme Court. *Id.* at 318–19. After the Supreme Court decided *Dukes*, Odle filed a new action in the Northern District of Texas asserting individual and putative class claims on behalf of employees in Wal-Mart's Texas regions. *Id.* at 318. The district court granted Wal-Mart's motion to dismiss Odle's individual and putative class claims as time-barred, *id.* at 319, but the Fifth Circuit reversed and remanded for further proceedings. *Id.* at 323.

The Fifth Circuit concluded that *American Pipe* tolling of Odle's claims continued after *Dukes*, 131 S. Ct. 2541, because the Ninth Circuit's en banc opinion had expressly instructed the California district court to consider on remand whether to certify a class of former employees under Rule 23(b)(3), a form of relief that the *Dukes* plaintiffs had sought in their initial motion for class certification, but never obtained. *Id.* The Fifth Circuit further concluded that the Ninth Circuit's opinion remanding the case to the California district court did not give Odle notice that her claims could not be pursued in a subsequent class action. *Id.* at 320.

Opposing Odle's efforts to certify a Rule 23(b)(3) class, Wal-Mart relied on *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 863 F.2d 384 (5th Cir. 1989) (per curiam) (*Calderon II*). *Id.* at 321. The Fifth Circuit distinguished that case "on significant procedural grounds." *Id.* To explain why, the court began with its previous opinion, *Calderon I*, 765 F.2d 1334, a case we cited in *Andrews*, 851 F.2d at 149, and *Vertrue*, 719 F.3d at 480 n.2. The Fifth Circuit wrote:

> In *Calderon I*, the district court denied class certification. On appeal the first time, we affirmed the district court's refusal to certify the class, but we remanded the case on other grounds. We further noted that the district court nevertheless could, despite our affirmance, reconsider the class certification issue on remand. In the meantime—after the district court denied certification but before the *Calderon I* appeal was decided—the two-year statute of limitations expired. On remand, the district court certified the class.
>
> We next determined, in *Calderon II*, that tolling had ceased when the district court denied class certification at the outset of the litigation. We held that, because the *Calderon* putative class members had failed to protect their rights by either intervening or by filing individual lawsuits after the district court's initial denial of certification and before the two-year statute of limitations had run, the district court's subsequent, post-remand certification order could not resurrect the time-barred claims.

*Odle*, 747 F.3d at 321. Although Wal-Mart argued that *Calderon II* controlled *Odle*, the Fifth Circuit distinguished *Calderon II*: "The *Calderon* district court initially *denied* certification, whereas the California district court in *Dukes* certified the class at the *outset* of the litigation." *Id.* The Ninth Circuit's subsequent instruction to the California district court to consider the potential for Rule 23(b)(3) certification of a class of former Wal-Mart employees "did not invite the California district court to reconsider a denial of class certification; rather, it directed the lower court to consider certifying—*for the first time*—the carved-out class of former employees under a different subsection, *viz.*, Rule 23(b)(3)." *Id.* at 321–22. "The fact that the California district court did not consider, much less deny, certification of the class of former employees under Rule 23(b)(3) is a crucial distinction that makes *Calderon II* inapposite." *Id.* at 322. If Odle and the putative class members were denied the benefit of *American Pipe* tolling, the policy of Rule 23 would be undermined by encouraging the class members to make "repetitious and unnecessary filings . . . to prevent their claims from expiring if certification of the class is denied." *Id.* at 320 (internal quotation marks omitted). Holding that Odle's claims were timely filed, the Fifth Circuit reversed the district court's dismissal of the suit, and remanded for further proceedings. *Id.* at 323.

*Odle* is fully consistent with the analysis in *Vertrue* and our reasoning in this case. *Andrews*—which precluded a subsequent class action after the district court had already *denied* class certification at the outset of the litigation—cannot bar the plaintiffs' present effort to *certify for the first time* this timely-filed Rule 23(b)(3) class comprised of current and former female employees of Wal-Mart in Region 43. *See In re Vertrue*, 719 F.3d at 479–80; *Odle*, 747 F.3d at 321–22. The *Andrews* court recognized, moreover, that the limitations period is suspended if a class action is filed and a motion to certify is pending. *Andrews*, 851 F.2d at 150. The *Dukes* class action complaint and the original motion to certify a Rule 23(b)(3) class remained pending in the California district court after the Supreme Court decided *Dukes*. The limitations period was suspended under *American Pipe,* pursuant to the extension order entered by the California district court after *Dukes*, until May 25, 2012. The plaintiffs timely filed their EEOC charges before that date, and they filed suit under Title VII within ninety days of receiving their right-to-sue letters. Under these circumstances, the plaintiffs' claims were timely filed. Wal-Mart's

reliance on *Andrews* does not carry the day, and the company's motion to strike the Rule 23(b)(3) class allegations as time-barred by *American Pipe* and *Andrews* must be denied.

2.  *The Rule 23(b)(2) class of current female employees seeking declaratory and injunctive relief in Wal-Mart Region 43*

A different question is presented by the request of the named plaintiffs to certify a Rule 23(b)(2) class of current female employees for the purpose of obtaining declaratory and injunctive relief against Wal-Mart in Region 43. Wal-Mart contends that *Andrews* bars plaintiffs from asserting this new class action. We disagree because *Andrews* does not control, and plaintiffs brought the class action in a timely manner. The issue is whether the class action is precluded by the Supreme Court's decision in *Dukes*, not whether it was timely filed.

It is important to recall that the *Andrews* plaintiffs were unnamed members of a preceding class action, *Brown v. Orr*. *Andrews*, 851 F.2d at 148. When the district court denied class certification in *Brown*, *American Pipe* tolling ended and the applicable 30-day statute of limitations started running. *Id.* The *Andrews* plaintiffs took *no* steps to protect their rights. *Id.* The limitations period expired months before the *Andrews* plaintiffs filed administrative charges with their EEO counselor and later filed the new class action. *Id.* Because the *Andrews* plaintiffs' individual claims were untimely filed, it is no surprise that the district court and this court refused to allow them to proceed with a new class action on behalf of themselves and unnamed members of the *Brown* and *Andrews* classes.

In this case, plaintiffs took action to protect their rights and the rights of Wal-Mart employees working in Region 43 when they pursued EEOC charges and filed this class action during the tolling period set by the California district court. Plaintiffs and the unnamed members of the Region 43 class were entitled to rely on the California district court to protect their rights on remand from the Supreme Court. This is particularly true because the nationwide *Dukes* class was mandatory under Rule 23(b)(2) and its unnamed members, including plaintiffs and the Region 43 current Wal-Mart employees, received neither notice of the pending nationwide class nor a right to opt out of that class. *Dukes*, 131 S. Ct. at 2558. As directed by the California district court, plaintiffs timely pursued their own individual claims and those of the unnamed members of the *Dukes* class who work in Region 43.

Wal-Mart contends that footnote 10 in *Smith v. Bayer Corp.*, 131 S. Ct. 2368 (2011), supports an anti-stacking rule, but Wal-Mart misses the Supreme Court's point. In *Smith,* Bayer Corporation relied on *American Pipe* and *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977), in an unsuccessful bid to bind Smith—"an unnamed member of a proposed but uncertified class"—as a party to a separate class action suit in which class certification had been denied. *Id.* at 2379–80 & n.10. The Supreme Court rejected Bayer's attempt, holding instead that unnamed members of a class action are not parties to nor bound by a case judgment in which certification is denied. *See Smith*, 131 S. Ct. at 2379–81 & n.11. The Court explained that *American Pipe* and *McDonald* are "specifically grounded in policies of judicial administration" and "demonstrate only that a person not a party to a class suit may receive certain benefits (such as the tolling of a limitations period) related to that proceeding. . . . That result is consistent with a commonplace of preclusion law—that nonparties sometimes may benefit from, even though they cannot be bound by, former litigation." *Id.* at 2379 n.10.

Moreover, the concern that animated *Andrews*—the abusive use of *American Pipe* tolling to resurrect already time-barred individual and class claims—is not present in this case. The three cases cited in *Andrews* to support the statement "that the pendency of a previously filed class action does not toll the limitations period for additional class actions by putative members of the original asserted class," *Andrews*, 851 F.2d at 149, cannot bear the weight Wal-Mart places on them. In *Korwek v. Hunt*, 827 F.2d at 879, the Second Circuit expressed concern about affording "plaintiffs the opportunity to argue and reargue the question of class certification by filing new but repetitive complaints." The court explicitly left open "for another day the question of whether the filing of a potentially proper subclass would be entitled to tolling under *American Pipe*." *Id.* Thus, *Korwek* provides support for a "potentially proper subclass" of the nationwide *Dukes* class that current Wal-Mart employees timely filed under *American Pipe*, as directed by the California district court.

The Fifth Circuit case, *Calderon I*, also does not support the bright-line rule Wal-Mart draws from *Andrews*, nor does it preclude the instant class claims. The Fifth Circuit recently explained in *Odle* that *Calderon I* did not bar a subsequent class action. *Odle*, 747 F.3d at 321. Although the Fifth Circuit initially affirmed the district court's refusal to certify a class, the court

"further noted that the district court nevertheless could, despite our affirmance, reconsider the class certification issue on remand." *Id.* at 321 & n.33 (quoting *Calderon I* ("[W]e in no way restrict the court's discretion to change that decision [to deny class certification] on remand. It is well-settled that decisions on class certification are always interlocutory.").

The Ninth Circuit case cited in *Andrews*, *Robbin v. Fluor Corp.*, 835 F.2d at 214, is likewise inapposite to both *Andrews* and this case. The Ninth Circuit has since explained that *Robbin* "interpreted *American Pipe* not to allow tolling when the district court in the previous action had denied class certification, and when the second action sought to relitigate the issue of class certification and thereby to circumvent the earlier denial." *Catholic Social Servs. Inc.*, 232 F.3d at 1147. The Ninth Circuit permitted tolling for a subsequent class claim where "[t]he substantive claims asserted [were] within the scope of those asserted" in the earlier class action, satisfying the requirement of notice to the opposing party, but where the plaintiffs were "not attempting to relitigate an earlier denial of class certification, or to correct a procedural deficiency in an earlier would-be class." *Id*. at 1149. The same is true here, where plaintiffs represent a class of current Wal-Mart employees in Region 43 who allege that they have been subjected to a pattern or practice of gender discrimination resulting from regional company policies and practices that were not addressed in *Dukes*. These substantive claims are within the scope of those asserted by the nationwide class in *Dukes*, and Wal-Mart had notice of them, but the class seeks neither relitigation nor correction of the earlier class claims.

*Korwek*, *Calderon I*, and *Robbin* thus do not support the blanket rule that Wal-Mart seeks to draw from *Andrews*. We have previously rejected the position that *Andrews* sets a bright-line rule, and instead looked to the particular facts of the case to determine that "the risk motivating our decision in *Andrews*—namely, repetitive and indefinite class action lawsuits addressing the same claims—is simply not present here." *In re Vertrue*, 719 F.3d at 479. Plaintiffs, for themselves and all other current Wal-Mart employees in Region 43, seek certification for the first time of a regional class under Rule 23(b)(2), seeking declaratory and injunctive relief, but not monetary relief, against Wal-Mart.

Precision in characterizing the central issue is critical. The question is not whether the class claims are timely asserted under the statute of limitations. They are. The issue is whether

plaintiffs may use the class action device to litigate the claims of unnamed class members. *See Catholic Social Services, Inc.*, 232 F.3d at 1147. Although the circuits seem to be at odds about this, Judge Easterbrook has explained that "[t]here is no conflict" in the circuits "on the question whether a second case may proceed as a class action." *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560, 563 (7th Cir. 2011) (citing cases). Decisions from various circuits "concern, not the statute of limitations or the effects of tolling, but the preclusive effect of a judicial decision in the initial suit applying the criteria of Rule 23." *Id.* This issue was addressed by a Wisconsin district court in Wal-Mart litigation following the Supreme Court decision in *Dukes*. *Ladik v. Wal-Mart Stores, Inc.*, 291 F.R.D. 263 (W.D. Wis. May 24, 2013). There Wal-Mart moved to dismiss the class allegations in the Wal-Mart Region 14 class action. The district court allowed the timely new class action to proceed to the question of class certification because "once a plaintiff has filed a complaint that is timely under *American Pipe*, the tolling issue is resolved, regardless whether the plaintiff wishes to proceed individually or as a class. Although the previous class action that failed may have implications on a new motion for class certification, the statute of limitations is not one of them." *Id.* at 268. *See also Gomez v. St. Vincent Health, Inc.*, 622 F. Supp. 2d 710, 716–23 (S.D. Ind. 2008) (permitting subsequent class action to proceed).

Similarly, the California district court denied Wal-Mart's motion to dismiss the California Regions class and proceeded to the question of class certification. *Dukes*, 2012 WL 4329009 at *4. That court relied on *In re Initial Public Offering Securities Litigation*, 483 F.3d 70, 73 (2d Cir. 2007), where the Second Circuit's "earlier order reversing certification of broad classes without further instruction did not bar the district court from considering different or narrower proposed classes in the same action, because district courts 'have ample discretion to consider (or decline to consider) a revised class certification motion after an initial denial.'" *Id.* The court also looked to *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 987–88 (9th Cir. 2011), where the Ninth Circuit reversed class certification, but permitted the district court to consider whether a different type of class could be certified on remand. *But see Love v. Wal-Mart Stores, Inc.*, No. 12-61959, 2013 WL 5434565 (S.D. Fla. Sept. 23, 2013) (holding follow-on class action barred under Eleventh Circuit precedent, *Griffin v. Singletary*, 17 F.3d 356, 359 (11th Cir. 1994),

but questioning whether recent Supreme Court cases undermine the Eleventh Circuit's "no-piggybacking rule").

The principle we draw from *Andrews* and the current caselaw we have discussed is that subsequent class actions timely filed under *American Pipe* are not barred. Courts may be required to decide whether a follow-on class action or particular issues raised within it are precluded by earlier litigation, but we would eviscerate Rule 23 if we were to approve the blanket rule advocated by Wal-Mart that *American Pipe* bars *all* follow-on class actions. *See Sawyer*, 642 F.3d at 564. Rule 23 expressly provides that "[a] class action may be maintained if Rule 23(a) is satisfied and if" one of the subsections of Rule 23(b) is also met. *Shady Grove Orthopedic Assoc. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). "By its terms this creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action." *Id.* If each unnamed member of a class that is not certified were barred from ever again proceeding by class action, each class member would have an incentive to multiply litigation by filing protective suits or motions to intervene at the outset of the initial class action suit. The weight of individual filings would strain the federal courts. This is precisely the scenario that "Rule 23 was designed to avoid" in cases where adjudication of claims by class action is a fair and efficient method of resolving a dispute. *American Pipe & Constr. Co.*, 414 U.S. at 551, 553–54; *Wyser-Pratte Mgt. Co. v. Telxon Corp.*, 413 F.3d 553, 569 (6th Cir. 2005) ("The purposes of *American Pipe* tolling are not furthered when plaintiffs file independent actions before decision on the issue of class certification, but are when plaintiffs delay until the certification issue has been decided.").

Plaintiffs and the current Wal-Mart employees of Region 43 are entitled to seek class certification under Rule 23. All of them were unnamed members of the nationwide *Dukes* class. Under *American Pipe*, the Wal-Mart Region 43 class action brought under Rule 23(b)(2) was timely filed, and it is not barred: it may proceed *if* the Rule 23 class action prerequisites are satisfied. *Shady Grove Orthopedic Assoc.*, 559 U.S. at 398.

Wal-Mart warns us, like Bayer Corporation warned the Supreme Court in *Smith*, that our approach will allow serial class action litigation and force corporate defendants to settle to buy peace. *See Smith*, 131 S. Ct. at 2381. Wal-Mart claims that it is unfair to permit absent class

members to stack one class action onto another and benefit from the EEOC claims filed by the named plaintiffs. But representative claims are the nature of class actions, and the Supreme Court rejected similar concerns in *Smith*—as we do here—because "this form of argument flies in the face of the rule against non-party preclusion." *Id.* "That rule perforce leads to relitigation of many issues, as plaintiff after plaintiff after plaintiff (none precluded by the last judgment because none a party to the last suit) tries his hand at establishing some legal principle or obtaining some grant of relief." *Id.* But that apprehension need not bar legitimate class action lawsuits or distort the purposes of *American Pipe* tolling. Instead, we follow the Supreme Court's lead and trust that existing principles in our legal system, such as *stare decisis* and comity among courts, are suited to and capable of addressing these concerns.

## III. CONCLUSION

For the reasons explained above, we hold, under *In re Vertrue*, that *Andrews* does not bar the Wal-Mart Region 43 Rule 23(b)(3) putative class action brought by the named plaintiffs for themselves and on behalf of all former female Wal-Mart employees. Their action was timely filed under *American Pipe*, and no court has ever ruled on whether certification of the Rule 23(b)(3) class is appropriate. We further hold that *Andrews* does not bar the Wal-Mart Region 43 Rule 23(b)(2) putative class brought by plaintiffs for themselves and on behalf of all current female employees of Wal-Mart. *Andrews* barred a follow-on class action because it was filed months after the statute of limitations applicable to the named plaintiffs' individual claims had run. By contrast, plaintiffs timely filed the Rule 23(b)(2) class action under *American Pipe*. Further, the Rule 23(b)(2) putative class may proceed under *Smith* and *Shady Grove* if the necessary class action prerequisites specified in Rule 23 are met.

Accordingly, we **REVERSE** the order of the district court dismissing the class claims with prejudice and we **REMAND** the case for further proceedings consistent with this opinion.

---

**CONCURRING IN PART AND DISSENTING IN PART**

---

COOK, Circuit Judge, concurring in part and dissenting in part. I agree with the majority that *Andrews* does not bar consideration of the proposed Rule 23(b)(3) class. *See* Maj. Op. at 9–15; *see also In re Vertrue*, 719 F.3d at 479–80. I cannot agree, however, that we can read *Andrews* so narrowly as to allow the proposed 23(b)(2) class to go forward. Though the plaintiffs and the district court offer persuasive reasons to doubt the wisdom of *Andrews*, I believe it binds us to dismiss the 23(b)(2) claims absent reconsideration by the full court. *See Grundy Mining Co. v. Flynn*, 353 F.3d 467, 479 (6th Cir. 2003) (noting that we do not "enjoy greater latitude" in departing from prior published decisions "where our precedents purportedly are tainted by analytical flaws"). I would therefore vacate and remand the district court's judgment only as to the putative 23(b)(3) class.